OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     Nease et al., Appellees, v. Medical College Hospitals;
Baker, Appellant.
     [Cite as Nease v. Medical College Hospitals (1992),
Ohio St.3d     .]
Torts -- Negligence and medical malpractice -- Court of Claims
     -- State employees -- Filing action against state in Court
     of Claims is a "complete waiver of any cause of action,
     based on the same act or omission, which the filing party
     has against any state officer or employee" -- R.C.
     2743.02(A)(1) -- Waiver void, when -- Immunity of state
     employee is a question of law and for such a question
     there is no right to trial by jury.
     (No. 91-1183 -- Submitted May 6, 1992 -- Decided August
19, 1992.)
     Appeal from the Court of Appeals for Franklin County, No.
90AP-377.
     Appellee David R. Nease ("Nease") was born in 1983.
Several months after his birth it was determined that Nease
required surgery to correct a congenital heart defect.  Nease
was admitted to the Medical College of Ohio Hospital on
September 9, 1984.  The operation was performed two days
later.  After the operation, Nease experienced cardiac arrest,
which caused neurological damage.
     On April 22, 1986, Nease and his parents, appellees
herein, filed suit in the Lucas County Common Pleas Court,
naming as defendants the Medical College of Ohio and its
hospital, nurse Linda Baker of the hospital ("Baker"),
appellant herein, four physicians and two other nurses of the
hospital, and the Associated Physicians of MCO, Inc.  The
complaint alleged negligence and medical malpractice.  An
amended complaint filed by the Neases added the allegation of
"wanton or reckless" misconduct on the part of Baker and the
other state employees.
     Pursuant to R.C. 2743.03 and a petition by the physician
defendants, the common pleas court removed the case to the
Court of Claims.  After removal, a third amended complaint was
filed in the Court of Claims.  A settlement agreement dismissed
the Neases' claims against the Medical College of Ohio and its
hospital, and other nurse defendants, but excluded from

settlement all claims against Baker and one of the physicians for "wanton or reckless" misconduct. Thereafter, the Court of Claims conducted a trial to determine whether Baker was entitled to immunity pursuant to R.C. 9.86 for the claims against her. The Court of Claims determined that Baker's actions were not wanton or reckless and granted her immunity. Baker then filed a motion for costs pursuant to Civ.R. 54(D). The Court of Claims ruled that the motion for costs was premature because the Neases were entitled to relitigate the issue of Baker's immunity before a jury in the common pleas court. The court of appeals affirmed the Court of Claims' decision, holding that the issue of whether Baker acted in a wanton or reckless manner is a question of fact to be determined by a jury.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Schnorf & Ferguson, Brandon G. Schnorf, Jr. and Kevin M. Ferguson, for appellees.

Fuller & Henry, Stephen B. Stanford and Donna B. Wood, for appellant.

Lee I. Fisher, Attorney General, Simon B. Karas and Dianne Goss Paynter, urging reversal for amicus curiae, Ohio Attorney General.

Eric R. Boyd, urging reversal for amicus curiae, Ohio Council 8, AFSCME, AFL-CIO.

Moyer, C.J. The issue presented is whether the Court of Claims erred in remanding this case to the court of common pleas for a second determination of whether Baker is immune from liability. For the reasons that follow, we hold remand was improper.

Initially, we must determine what version of the Court of Claims Act is applicable to this action. Effective October 20, 1987, the General Assembly amended the Court of Claims Act to add R.C. 2743.02(F). Appellant argues it is this amended version that applies to the instant matter. Appellees maintain the amendment is not retrospectivity and therefore has no application to this case, which was initiated April 22, 1986.

The method of determining retrospectivity of a statute was set out in Van Fossen v. Babcock & Wilcox Co. (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. In Van Fossen, this court stated:

"The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply. Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution. (Kiser v. Coleman [1986], 28 Ohio St.3d 259, 262, 28 OBR 337, 339-340, 503 N.E.2d 753, 756, approved and followed; Wilfong v. Batdorf [1983], 6 Ohio St.3d 100, 6 OBR 162, 451 N.E.2d 1185; and French v. Dwiggins [1984], 9 Ohio St.3d 32, 9 OBR 123, 458 N.E.2d 827, to the extent inconsistent herewith, modified.)" Id. at paragraph one of the syllabus.

There must be a clear indication by the General Assembly that a statute is intended to apply retrospectively and absent such indication only prospective application may be made. Van

Fossen at 106, 522 N.E.2d at 495. The 1987 amendment to R.C. 2743.02 is devoid of language expressing an intention that the statute be retrospective. As stated in Van Fossen, such a finding upon a threshold analysis eliminates the need for a determination of whether the statute is substantive or merely remedial. We therefore must review the decision of the court of appeals with the guidance of the Court of Claims Act as it existed at the time the Neases' claims arose.

The Neases' complaint was originally filed in the court of common pleas, but was removed to the Court of Claims pursuant to R.C. 2743.03(A). Removal was required because the Court of Claims, as stated in former R.C. 2743.03(A), now renumbered R.C. 2743.03(A)(1), "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 ***." The Neases sued the state and therefore should have filed their complaint in the Court of Claims originally. That error, however, was cured by the subsequent removal of the case. Thereafter, appellees did in fact file an amended complaint in the Court of Claims.

The result of filing an action against the state in the Court of Claims is "complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee." R.C. 2743.02(A)(1). Consequently, by filing an action against the state, the Neases waived their claims against Baker.

R.C. 2743.02(A)(1) also states, however, that "[t]he waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." "[T]he court" as referred to in R.C. 2743.02(A)(1) means the Court of Claims. See McIntosh v. Univ. of Cincinnati (1985), 24 Ohio App.3d 116, 119, 24 OBR 187, 190, 493 N.E.2d 321, 324, fn. 7.

Yet, appellees assert that the common pleas court also had jurisdiction to make such a determination and cite Cooperman v. Univ. Surgical Assoc. (1987), 32 Ohio St.3d 191, 513 N.E.2d 288, as authority. Although Cooperman held that under R.C. 2743.02(A)(1), a court of common pleas did not lack jurisdiction over state employees merely because the Court of Claims had not yet determined the employee's immunity, the Cooperman decision has no application to the instant action. In Cooperman, the state was never named as a defendant. Therefore, "the waiver provision of R.C. 2743.02(A)(1) does not apply, and the court of common pleas retains its jurisdiction, if such jurisdiction is otherwise proper." Cooperman at 197, 513 N.E.2d at 295. Because the Neases sued the state in the case at bar, the action was properly filed only in the Court of Claims, and the Neases' claims against Baker were waived pending a determination by the Court of Claims that Baker's conduct was wanton or reckless.

Despite the language in R.C. 2743.02(A)(1), the Neases also argue the Court of Claims improperly adjudicated the issue of Baker's immunity, and was required to remand the case to the common pleas court prior to making such a determination because, pursuant to the terms of the settlement agreement, the state was no longer a defendant. R.C. 2743.02(E) states that

"[t]he only defendant in original actions in the Court of Claims is the state." It is on this authority that the Neases aver the Court of Claims had no choice but to remand the case as soon as the settlement agreement was approved.

This argument must fail, however, because remand to the common pleas court is permissive not mandatory. R.C. 2743.03(E)(2) states: "*** The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon finding that the state is no longer a party." (Emphasis added.) The court is not required to remand the case upon a finding that the state is no longer a party, and in the present action the Court of Claims correctly retained jurisdiction until the issue of Baker's immunity was resolved. As discussed supra, when an action against the state is filed, a cause of action against a state employee based on the same act or omission is waived and that waiver is void only upon a finding by the Court of Claims that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Had the Court of Claims remanded the case to the common pleas court prior to making such a determination, appellees' waiver of their claims against Baker would still be effective. As was discussed in McIntosh, supra, at 117, 24 OBR at 188, 493 N.E.2d at 322, fn. 4: "Although the only proper defendant in an original action filed in the Court of Claims is the state, R.C. 2743.02(E), the Court of Claims will nevertheless consider the alleged acts or omissions of any state officer or employee in determining their civil immunity from suit, in accordance with R.C. 2743.02(A)(1) and R.C. 9.86."

The Court of Claims therefore properly determined the issue of Baker's immunity. However, the Court of Claims improperly remanded the case to the common pleas court after Baker's immunity had been established. There was no need for an additional determination of immunity by the common pleas court, and in light of the Court of Claims' finding of immunity, any such additional consideration of the issue would be improper.

Finally, appellees argue that a new trial on the issue of Baker's immunity is proper because they are entitled to try the issue to a jury and they were denied that right by the Court of Claims. This argument is also without merit. "Whether immunity may be invoked is a purely legal issue, properly determined by the court prior to trial, Donta v. Hooper (C.A.6, 1985), 774 F.2d 716, 719, certiorari denied (1987), 483 U.S. 1019 [107 S.Ct. 3261, 97 L.Ed.2d 760], and preferably on a motion for summary judgment." Roe v. Hamilton Cty. Dept. of Human Serv. (1988), 53 Ohio App.3d 120, 126, 560 N.E.2d 238, 243. Immunity of a state employee is a question of law and for such a question there is no right to a trial by jury. Conley v. Shearer (1992),     Ohio St.3d    ,     N.E.2d    .

Because appellees have no right to relitigate the issue of immunity, this cause is remanded to the Court of Claims for a ruling on appellant's motion for costs. For the foregoing reasons, the judgment of the court of appeals is hereby reversed.

> Judgment reversed
> and cause remanded.

Sweeney, Holmes, Wright and H. Brown, JJ., concur.
Douglas and Resnick, JJ., concur in judgment only.