**PARTIN et al.**

v.

**CITY OF BOWLING GREEN.**

Court of Common Pleas of Ohio,
Wood County.

No. 97CV180.

Decided June 24, 1997.

*Cubbon & Associates Co., L.P.A.,* and *James E. Yavorcik,* for plaintiffs.

*Ritter, Robinson, McCready & James* and *William S. McCready,* for defendant.

CHARLES F. KURFESS, Judge.

This matter comes before the court on defendant's motion to dismiss filed April 16, 1997 and memoranda in support and opposition thereto.

On March 4, 1997, plaintiffs Jamie L. Partin, Laura Partin, and Clyde Partin filed their complaint alleging negligence against defendant in connection with personal injuries sustained by Jamie L. Partin while walking on a sidewalk in the 700 block of Kenwood in the city of Bowling Green, Ohio, on March 9, 1995. Jamie's parents also asserted their derivative claims for loss of services and medical expenses.

Defendant moves the court to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Defendant claims immunity under R.C. 723.01 and 2744.02, as amended by the enactment of Am.Sub.H.B. No. 350, effective January 27, 1997. Defendant further argues that R.C. 2305.10, effective January 27, 1997, is to be applied in a remedial manner to civil actions filed after January 27, 1997, regardless of when the cause of action accrued. R.C. 2305.10(F).

In determining whether a complaint should be dismissed pursuant to Civ.R. 12(B)(6), "a court must presume that all factual allegations of the complaint are true." *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200; *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129. "[A]ll reasonable inferences must be made in favor of the non-moving party." *Id.* Last, in order for the court to grant this motion, it must appear beyond doubt from the complaint that plaintiffs can prove no set of facts which would warrant their relief. *Seikbert,* citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

The issue for the court to decide is whether R.C. 723.01 and 2744.02, as amended by Am.Sub.H.B. No. 350, are retroactive.

Prior to Am.Sub.H.B. No. 350, R.C. 723.01 provided:

"[A] municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation *shall cause them to be kept open, in repair, and free from nuisance.*" (Emphasis added.)

R.C. 723.01 *now provides:*

"The liability or immunity from liability of a municipal corporation for injury, death, or loss to person or property allegedly caused by failure to perform the

responsibilities imposed by this section *shall be determined pursuant to divisions (A) and (B)(3) of section 2744.02 of the Revised Code.*" (Emphasis added.)

R.C. 2744.02 *now provides:*

"(A)(1) [A] political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

" * * *

"(B)(3) [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by their *negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *.*" (Emphasis added.)

Reviewing plaintiffs' complaint, the court finds that plaintiffs allege that defendant had a duty to keep public sidewalks and other public ways open, in repair and free from nuisance and that the defendant was negligent in failing to inspect and maintain said sidewalks.

Defendant contends that the complaint fails to state a claim upon which relief can be granted because R.C. 723.01 and 2744.02, as amended by Am.Sub.H.B. No. 350, provide for liability of a political subdivision *only* when the city is negligent in failing to keep public roads in repair or negligent in failing to remove obstructions from the roads, and that these sections, as amended, do not contain any provisions calling for defendant to keep its public sidewalks open, in repair, and free from nuisance.

In *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 398, 596 N.E.2d 432, 434, the court held:

"The method of determining retrospectivity of a statute was set out in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. In *Van Fossen,* this court stated:

" 'The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply. * * *'

"There must be a clear indication by the General Assembly that a statute is intended to apply retrospectively and absent such indication only prospective application may be made."

Further, R.C. 1.48 provides that:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

Reviewing the language of R.C. 723.01 and 2744.02 as amended by Am.Sub. H.B. No. 350, the court finds no express language indicating that the General Assembly intended for these sections to be applied retrospectively. On the basis of *Nease, Van Fossen,* and R.C. 1.48, the court holds that R.C. 723.01 and 2744.02 as amended are not retrospective in application, and, thus, the amendments are inapplicable to the instant case.

■ Further, the court is not persuaded by defendant's argument that R.C. 2305.10(F) mandates a remedial application of not only that section but R.C. 723.01 and 2744.02. The court finds that R.C. 2305.10(F) provides that "this section" (expressly referring only to R.C. 2305.10) is to be considered purely remedial in operation. This does not apply to the other sections defendant has cited.

Taking all the allegations in plaintiffs' complaint as being true, the court finds plaintiffs have stated a claim upon which relief can be granted. Civ.R. 12(B)(6).

Plaintiffs, in their memorandum in opposition to this motion, further ask the court to strike defendant's tenth affirmative defense based on an alleged statute-of-limitations violation. Plaintiffs allege injuries incurred on March 9, 1995 in their complaint filed March 4, 1997, within the two-year statute of limitations provided for in R.C. 2305.10. Ruling on plaintiffs' motion will be withheld pending any evidence with regard to the matter.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is hereby denied.

*Motion denied.*