OPINION
Plaintiff-appellant, Clarence Campbell, appeals from a judgment of the Ohio Court of Claims finding that Pamela Caine and Paul Duffy are personally immune from suit under R.C. 9.86 and 2743.02(F).
Plaintiff and Caine are former husband and wife whose marriage ended acrimoniously in divorce in April 1996. During the period in question, Caine was employed by the Public Utilities Commission of Ohio ("PUCO") as a legal secretary to PUCO legal director, Paul Duffy.
Shortly after Caine arrived at work on the morning of November 27, 1996, plaintiff began calling her on the telephone and attempting to argue with her about her plans to go to her sister's home in Akron, Ohio, for the upcoming Thanksgiving holiday. When Caine refused to take plaintiff's calls, plaintiff came to Caine's workplace. From the time plaintiff arrived at the PUCO offices, he was argumentative and belligerent with Caine.
In response to plaintiff's conduct, Caine sought help from her boss, Duffy, in getting plaintiff to leave the building. Upon seeing Duffy, plaintiff immediately started walking toward the building exit and Duffy followed him. According to both Caine and Duffy, as plaintiff was leaving the building he called Caine a "bitch" and stated that she would "never make it to Akron tonight."
Because Duffy perceived plaintiff's comments to be threatening, he reported the incident to PUCO building security as required by PUCO's violence policy. Building security then notified the Ohio State Highway Patrol. Sometime later that same day, Sergeant J.D. Brink and Trooper Robert Johnson of the Highway Patrol arrived at PUCO's offices to investigate the incident. After Sergeant Brink and Trooper Johnson interviewed Caine and Duffy, Trooper Johnson prepared a report in which he indicated that plaintiff had threatened to kill Caine.
As a result of Trooper Johnson's report, plaintiff was arrested and charged with domestic violence and aggravated menacing. Ultimately, these charges were dismissed. Although the record does not reflect why the prosecutor dismissed the charges against plaintiff, Trooper Johnson's report indicates that the charges were dismissed because Caine changed her story, and was now saying that plaintiff had never said he was going to kill her.
On January 28, 2000, plaintiff filed a malicious prosecution claim against PUCO in the Ohio Court of Claims seeking damages caused by Caine and Duffy falsely accusing plaintiff of threatening to kill Caine. Plaintiff requested an immunity determination with respect to Duffy, and PUCO requested an immunity determination with respect to Caine.
On September 14, 2000, a hearing was held before the Court of Claims to determine whether Caine and Duffy were immune. On September 28, 2000, the Court of Claims entered a judgment finding that both Caine and Duffy were immune pursuant to R.C. 9.86 and 2743.02(F). Plaintiff appeals from that judgment, assigning the following errors:
 1. The Court of Claims erred to the prejudice of Appellant when it passed on the issue of whether Caine, an employee of the State of Ohio, was immune when Appellant's complaint clearly sought redress against the State of Ohio only for the conduct of its employee Duffy rather than Caine.
 2. The Court of Claims erred to the prejudice of Appellant when it disregarded a decision of this Court in Campbell v. R.D. Johnson, No. 99AP-463 (Dec. 30, 1999) that Caine had acted manifestly outside the scope of her employment and, as a result, could be sued in the common pleas court without her immunity being decided first by the Court of Claims.
 3. The Court of Claims erred to the prejudice of Appellant when it held that Duffy and Caine were entitled to immunity.
In his first assignment of error, plaintiff contends that, because his complaint sought damages from the state only for Duffy's actions, and because he never requested an immunity determination with respect to Caine, the Court of Claims lacked subject matter jurisdiction to determine whether Caine was immune.
Our discussion of plaintiff's first assignment of error requires a brief recitation of the events leading up to the immunity hearing in the Court of Claims. On March 14, 2000, plaintiff completed and returned a "STATEMENT OF THE EXISTENCE OF CONNECTED ACTION, REQUIRED BY L.C.C.R. 15(C)" to the Court of Claims. This form put both the Court of Claims and PUCO on notice that plaintiff had a separate action arising out of the same circumstances pending against Caine in the Franklin County Court of Common Pleas. On April 10, 2000, plaintiff filed a motion requesting that the Court of Claims determine whether Duffy is immune. Thereafter, PUCO orally requested that the Court of Claims also determine whether Caine is immune. On the morning of the immunity hearing, plaintiff objected to the Court of Claims making an immunity determination with respect to Caine on the grounds that he had never requested such a determination and that such a determination was unnecessary, as his claim against PUCO was based solely on Duffy's conduct.
Initially, plaintiff's contention that his claim against PUCO only sought damages for Duffy's conduct contradicts the plain language of his complaints. The fifteenth paragraph of plaintiff's original and amended complaints provides:
 As a direct and proximate result of the above-described acts of Caine and Duffy, plaintiff sustained injuries and damages aforesaid, including attorney's fees in defending against the criminal charges, indignity, humiliation, as well as other damages and injuries. [Emphasis added.]
Based upon plaintiff's complaints, one can only conclude that plaintiff was suing PUCO for the actions of both Caine and Duffy.
However, even if plaintiff's action against PUCO was based solely on Duffy's actions, given plaintiff's separate suit against Caine in the Franklin County Court of Common Pleas, the Court of Claims was well within its authority in determining Caine's immunity.
R.C. 9.86[1] provides state officers and employees with immunity from personal liability for work-related conduct, unless it is determined that the conduct was beyond the scope of their official employment responsibilities or was committed with malicious purpose, in bad faith, or in a wanton or reckless manner. Swanson v. McKenzie (May 17, 1988), Scioto App. No. 1673, unreported. R.C. 2743.02(F),[2] in turn, grants the Court of Claims "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86." State ex rel. Banc One Corp. v. Walker (1999), 86 Ohio St.3d 169, 172. Finally, Loc.R. 4.1[3] of the Ohio Court of Claims permits any party to request an immunity determination by the Court of Claims.
In the present case, plaintiff's complaint against PUCO set forth a factual scenario involving Caine, which took place at Caine's state workplace. Plaintiff also notified the Court of Claims that he had a separate action arising out of the same incident pending against Caine in the Franklin County Court of Common Pleas. Accordingly, a question of whether Caine was immune under R.C. 9.86 for her conduct existed, PUCO properly requested that the Court of Claims determine whether Caine is immune under Loc.R. 4.1 of the Ohio Court of Claims, and the Court of Claims possessed subject matter jurisdiction under R.C. 2743.02(F) to determine whether Caine is immune.
Plaintiff's first assignment of error is overruled.
In his second assignment of error, plaintiff argues that the Court of Claims was without subject matter jurisdiction to make an immunity determination with respect to Caine, because this court's previous opinion in Campbell v. Johnson (Dec. 30, 1999), Franklin App. No. 99AP-483, unreported, constituted a final determination that Caine was not immune, which, under the doctrine of collateral estoppel, barred the Court of Claims from relitigating the matter of Caine's immunity.
In 1998, plaintiff filed a complaint in the Franklin County Court of Common Pleas asserting claims for malicious prosecution against Caine and Duffy arising out of the same incident which gives rise to plaintiff's present action against PUCO. Caine and Duffy moved to dismiss plaintiff's claims for lack of subject matter jurisdiction on the grounds that, because they were state employees, the court of common pleas lacked subject matter jurisdiction over plaintiff's claims until the Ohio Court of Claims had made an immunity determination. The court of common pleas granted Caine and Duffy's motion to dismiss, and plaintiff appealed.
In Campbell, this court concluded that, based upon the record before the trial court at the time, there was nothing to support a finding that Caine was immune, but that there was some support for a finding that Duffy was immune. Accordingly, this court reversed the trial court's Civ.R. 12(B)(1) dismissal of plaintiff's claim against Caine and affirmed the dismissal of his claim against Duffy.
It is true that Campbell concluded that the allegations before it would not support a finding that Caine was immune; however, because that conclusion was reached on appeal from a Civ.R. 12(B) dismissal, it was based solely upon the allegation which was before the common pleas court when it granted the motion.
The allegations before the court of common pleas when it granted plaintiff's motion to dismiss were contained in plaintiff's complaint and Caine's motion to dismiss. Understandably, plaintiff's complaint did not allege that Caine was acting within the scope of her employment at the relevant times. Although Caine's motion asserted that Caine was immune, it alleged only that Caine was a state employee and that the incident at issue occurred at her state workplace. Because Caine's motion failed to allege that Caine was acting within the scope, or in furtherance of her employment, the trial court and this court on appeal, found that the allegations as of the time of its decision on Caine's motion to dismiss were insufficient to raise the issue of Caine's immunity. Accordingly, Campbell did not address the question of whether Caine was immune, but only whether sufficient facts had been alleged to divest the common pleas court of jurisdiction until the Court of Claims could make an immunity determination.
The narrow scope of this court's opinion in Campbell was highlighted when Caine filed a motion seeking reconsideration of the opinion on the grounds that it amounted to a final immunity determination with respect to Caine, and that such a determination by this court was improper, in the first instance, under R.C. 2743.02(F). Although this court denied Caine's motion for reconsideration, in our opinion addressing the motion, we emphasized that Caine was mistaken in reading our prior opinion as a final immunity determination, and that our opinion "only addressed the question of whether [Caine's] motion to dismiss for lack of subject matter jurisdiction should have been granted based upon the record before the trial court at the time the trial court granted the motion." Campbell v. Johnson (Feb. 15, 2000), Franklin App. No. 99AP-483, unreported.
Because this court's decision in Campbell did not decide the issue of whether Caine is immune under R.C. 9.86, the opinion did not bar the Court of Claims from determining that issue.
Plaintiff's second assignment of error is overruled.
Plaintiff's third assignment of error challenges the Court of Claims' conclusion that both Caine and Duffy are immune under R.C. 9.86. The question of whether a state employee is entitled to immunity under R.C.9.86 is a question of law. Nease v. Medical College Hosp. (1992),64 Ohio St.3d 396, 400. Although an immunity determination is a question of law, consideration of the specific facts is necessary to such a determination. Lowry v. Ohio State Highway Patrol (Feb. 27, 1997), Franklin App. No. 96API07-835, unreported. With respect to the resolution of factual disputes necessary to an immunity determination, credibility determinations should be left to the trial court, and judgments supported by some competent, credible evidence, going to all essential elements of the case, will not be reversed as being against the manifest weight of the evidence. Id. at 533-534. Accordingly, we must determine, applying the facts in a manner consistent with the above principles, whether or not the trial court was correct in concluding that both Caine and Duffy are immune under R.C. 9.86.
As already discussed, R.C. 9.86 provides state employees with personal immunity from liability for work-related conduct, unless their conduct was beyond the scope of their official employment responsibilities or was committed with malicious purpose, in bad faith, or in a wanton or reckless manner. Swanson, supra.
Plaintiff first contends that the Court of Claims' failure to expressly discuss the issue of whether Caine's and Duffy's alleged conduct was within the scope of their employment, requires that we reverse the Court of Claims' judgment and remand the matter for such a discussion.
It is true that the Court of Claims' decision does not contain a discussion of whether Caine's and Duffy's alleged conduct was within the scope of their employment at PUCO. Nonetheless, the Court of Claims' determination that both Caine and Duffy are immune, contains clear, albeit implicit, findings that both Caine and Duffy were acting within the scope of their employment. So long as these implicit findings are supported by the evidence, the trial court's immunity determination need not be reversed.
Plaintiff next argues that the evidence does not support the trial court's finding that Caine and Duffy were acting within the scope of their employment.
For purpose of the immunity conferred on state employees by R.C. 9.86, a wrongful act by an employee, even if unnecessary, unjustified, excessive or improper, is not automatically outside the scope of employment. Elliott v. Ohio Dept. of Rehab. Corr. (1994),92 Ohio App.3d 772, 775. To be considered outside the scope of employment, an act must be so divergent as to sever the employer-employee relationship. Elliott, at 775. Applying this standard to the present case, we find that Duffy and Caine were acting within the scope of their employment.
With respect to Duffy, the evidence presented at the immunity hearing revealed that Duffy was following the policy of his state employer, PUCO, when he reported plaintiff's actions to building security. PUCO building security then notified the Ohio Highway Patrol, which dispatched Trooper Johnson and Sergeant Brink to investigate the incident. In the course of the Highway Patrol's investigation, Duffy gave a statement to Sergeant Brink regarding plaintiff's actions.
Given that Duffy's reporting of plaintiff's actions was done pursuant to a policy of his employer, and that Duffy's subsequent statements to the Highway Patrol were made in furtherance of an investigation requested by Duffy's employer, the evidence will only support a finding that Duffy's actions were within the scope of his employment.
Similarly, the evidence presented at the immunity hearing will only support a finding that Caine acted within the scope of her employment. The evidence reveals that Caine requested assistance from Duffy in getting plaintiff to leave the building, and then gave a statement to Trooper Johnson. Caine's actions in requesting assistance from her boss in getting a visitor who was causing a disruption in the workplace to leave the building was plainly related to her employment. In addition, Caine's statements to the Highway Patrol were within the scope of her employment, as they were made in furtherance of an investigation that was requested by her employer.
Plaintiff next argues that the evidence does not support the trial court's finding that neither Caine nor Duffy acted in a reckless manner.
In the context of an immunity determination, reckless conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk and that such risk is greater than that necessary to make the conduct negligent. Hackathorn v. Preisse (1995), 104 Ohio App.3d 768, 771. The term "reckless" is often used interchangeably with the word "wanton" and has also been held to be a perverse disregard of a known risk. Jackson v. Butler Cty. Bd. of Cty. Commrs. (1991), 76 Ohio App.3d 448, 454.
Here, plaintiff's claim that Caine and Duffy acted recklessly is based upon the allegation that, in their statements to Trooper Johnson and Sergeant Brink of the Highway Patrol, Caine and Duffy falsely stated that they heard plaintiff say that he was going to kill Caine. In support of this allegation, plaintiff presented Trooper Johnson's report which indicates that both Caine and Duffy stated that plaintiff had said that he was going to kill Caine; however, Caine and Johnson both denied having told the Highway Patrol that plaintiff stated that he was going to kill Caine. Rather, Caine and Duffy testified that they told the Highway Patrol that plaintiff said that Caine would "never make it to Akron," and that they had interpreted this statement as a threat. Caine and Johnson explain the inconsistency between their testimonies and Trooper Johnson's report as having resulted from Trooper Johnson having reasonably interpreted plaintiff's statement that Caine would "never make it to Akron," as a threat to kill Caine.
The Court of Claims' conclusion that Caine and Duffy did not act recklessly in giving their statements to the Highway Patrol indicates that the court chose to believe Caine's and Duffy's testimonies regarding what they told the Highway Patrol. That decision involved a credibility determination, which the trial court was in the best position to make. Accordingly, we will not disturb the determination on appeal.
Plaintiff's third assignment of error is overruled.
Having overruled each of plaintiff's three assignments of error, we affirm the judgment of the trial court that Caine and Duffy are immune pursuant to R.C. 9.86.
 _____________________ McCORMAC, J.
PETREE and KENNEDY, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] R.C. 9.86 provides in relevant part:
 * * * [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
[2] R.C. 2743.02(F) provides in relevant part:
 A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
[3] Loc.R. 4.1 of the Ohio Court of Claims provides:
 Any party shall file a motion requesting that the Court of Claims make a determination, as required by R.C. 2743.02(F), as to whether the officer or employee is entitled to personal immunity under R.C. 9.86 and whether the courts of common pleas have jurisdiction over the civil action. If no motion for this determination is made, the Court of Claims may sua sponte set this matter down for the R.C. 2743.02(F) hearing.