[Cite as *Garrett v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-851.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODERICK GARRETT

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-04858

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} On January 19, 2010, an evidentiary hearing was conducted in this matter to determine whether Henry Berlin is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

{¶ 2} R.C. 2743.02(F) states, in part:

{¶ 3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 4} R.C. 9.86 states, in part:

{¶ 5} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 6} R.C. 109.36 provides, in part:

{¶ 7} "(A) (1) 'Officer or employee' means any of the following:

{¶ 8} "* * *

{¶ 9} "(b) A person that, at the time a cause of action against the person, partnership, or corporation arises, is rendering medical, nursing, dental, podiatric, optometric, physical therapeutic, psychiatric, or psychological services pursuant to a personal services contract or purchased service contract with a department, agency, or institution of the state."

{¶ 10} At the hearing, the parties stipulated that Berlin was, at all times relevant, an employee of Wise Medical Staffing, a corporation under contract with defendant to provide nursing services to the Corrections Medical Center (CMC), and that Berlin thus met the definition of "employee" as set forth in R.C. 109.36(A)(1)(b). The court agrees and finds that Berlin was therefore an "employee" for the purposes of R.C. 2743.02(F) and 9.86.

{¶ 11} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that on October 7, 2008, he was at CMC awaiting transport to The Ohio State University Medical Center for surgery on his left knee when Berlin sexually assaulted him. Plaintiff contends that Berlin was acting within the course and scope of his employment when the assault took place and that Berlin is therefore entitled to civil immunity. Defendant argues that Berlin was acting manifestly outside the course and scope of his employment and is therefore not entitled to civil immunity.

{¶ 12} Plaintiff testified that he had been transported to CMC from the Ross Correctional Institution (RCI) prior to October 7, 2008, and that his surgery was scheduled for October 8, 2008. Plaintiff stated that he was placed in a room at CMC with four beds and that there were two other inmates in the room with him. According to plaintiff, on the day in question, Berlin entered the room alone while the other inmates were asleep and told plaintiff that he was there to "check his vitals." Plaintiff testified that nurses usually came to the room in groups of two or three and there was always a corrections officer with them who stood near the door. According to plaintiff, the events then unfolded as follows: Berlin lifted plaintiff's shirt up and used a stethoscope to listen to his heart and lungs; Berlin then lifted the waistband of plaintiff's, pants stuck the stethoscope down the front, and rubbed plaintiff's penis with his left hand; Berlin then moved to plaintiff's right leg and rolled up the leg of plaintiff's pants to examine plaintiff's right knee; plaintiff informed Berlin that his surgery was going to be on his left knee, not his right and Berlin replied that he needed to examine both; Berlin then stuck his left hand up the leg of plaintiff's pants and rubbed plaintiff's testicles twice; Berlin then moved to plaintiff's left side and repeated the knee examination and then stuck his right hand up plaintiff's pant leg and again rubbed plaintiff's testicles twice; Berlin then rubbed plaintiff's penis with his right hand and walked away making notes; Berlin then stood at the door and briefly stared at plaintiff before leaving the area.

{¶ 13} Plaintiff stated that during the alleged incident he said nothing to Berlin other than to voice his concerns over which knee Berlin examined. Plaintiff further stated that he did not tell anyone at CMC about what happened for fear of reprisals from Berlin or other nurses, and for fear that his surgery would be postponed. According to plaintiff, he had never seen Berlin prior to this incident and did not see him thereafter. When plaintiff returned to RCI he voiced his concerns over the incident and submitted a statement to Corrections Captain Price on October 13, 2008. (Defendant's Exhibit A.) Plaintiff also gave a statement to the Ohio State Highway Patrol on February 9, 2009. (Defendant's Exhibit B.) These narrative accounts are nearly identical to the testimony

plaintiff presented at the hearing. No evidence or testimony was presented at the hearing to dispute plaintiff's account of the incident.

{¶ 14} The issue of whether an employee is entitled to immunity is a question of law. *Nease v. Medical College Hosp.*, 64 Ohio St.3d 396, 1992-Ohio-97, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 1992-Ohio-133. The question whether the employee acted outside the scope of his employment, or with malicious purpose, in bad faith, or in a wanton or reckless manner is one of fact. *Tschantz v. Ferguson* (1989), 49 Ohio App.3d 9. Plaintiff bears the burden of proving that the state employee should be stripped of immunity. *Fisher v. Univ. of Cincinnati Med. Ctr.* (Aug. 25, 1998), Franklin App. No. 98AP-142.

{¶ 15} "Malicious purpose encompasses exercising 'malice,' which can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified. Bad faith has been defined as the opposite of good faith, generally implying or involving actual or constructive fraud or a design to mislead or deceive another. Bad faith is not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Finally, reckless conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that such risk is greater than that necessary to make the conduct negligent. The term 'reckless' is often used interchangeably with the word 'wanton' and has also been held to be a perverse disregard of a known risk." *Caruso v. State* (2000), 136 Ohio App.3d 616, 620-621. (Internal citations omitted.)

{¶ 16} This court has previously held that actions that amount to sexual harassment are outside the scope of employment because they further only the interests of the alleged offender and not the employer. In *Jones v. Ohio Veteran's Home* (Oct. 1, 2004), Ct. of Cl. No. 2002-03775, the court found that an employee who

inappropriately touched a female colleague was not entitled to civil immunity. In *Smith v. Dept. of Youth Services* (June 4, 2002), Ct. of Cl. No. 2000-05860, the court found that a corrections officer who permitted an incarcerated minor to touch her breasts and buttocks over her clothes was not entitled to civil immunity. See also *Browning v. Ohio State Highway Patrol*, Franklin App. No. 02AP-814, 2008-Ohio-1108.

{¶ 17} Based upon the foregoing, the court finds that although Berlin was ostensibly performing his duties as a nurse when he entered plaintiff's room at CMC, he acted only to satisfy his own interests. Accordingly, it is recommended that the court issue an order that Henry Berlin is not entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Henry Berlin
7074 Chenoweth Fork Road
Piketon, Ohio 45661

Richard F. Swope
6504 East Main Street
Reynoldsburg, Ohio 43068-2268

Thomas M. Spetnagel
Paige J. McMahon
42 East Fifth Street
Chillicothe, Ohio 45601

MR/cmd
Filed February 3, 2010
To S.C. reporter March 3, 2010