[Cite as *Savage v. Jones*, 2011-Ohio-3677.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SCOTT A. SAVAGE     :     JUDGES:
: 
:     Hon. John W. Wise, P.J.
Plaintiff-Appellant     :     Hon. Julie A. Edwards, J.
:     Hon. Patricia A. Delaney, J.
-vs-     :
:     Case No. 11-CA-26
NORMAN W. JONES, ET AL     :
:
:
Defendants-Appellees     :     O P I N I O N


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
Common Pleas Case No. 2009-CV-1125


JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     July 15, 2011


APPEARANCES:

For Plaintiff-Appellant:                         For Defendant-Appellee:

THOMAS W. CONDIT 0041299          MICHAEL DEWINE
P.O. Box 12700                            Ohio Attorney General
Cincinnati, Ohio 45212                  TODD R. MARTI 0019280
                                       Assistant Attorney General
                                       30 E. Broad St., 16th Fl.
                                       Columbus, Ohio 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant, Scott Savage, appeals the judgment of the Richland County Common Pleas Court, granting Defendants-Appellees' Motion to Dismiss for lack of subject matter jurisdiction.

{¶2} Appellant filed a lawsuit in 2007 against Appellees, who are state employees, in the Richland County Court of Common Pleas in case number 2007-CV-0285, asserting claims of defamation and intentional infliction of emotional distress. On April 2, 2007, Appellant also filed similar claims in the Ohio Court of Claims in case number 2007-3899. Pursuant to Civ. R. 41(A), Appellant filed notices of voluntary dismissal without prejudice in the Court of Claims on July 29, 2008, and in the Court of Common Pleas on July 31, 2008.

{¶3} On July 28, 2009, Appellant filed a second lawsuit against the State in the Court of Claims in case number 2009-06575. On July 29, 2009, he refiled his lawsuit in the Richland County Court of Common Pleas against Appellees.

{¶4} On September 24, 2009, Appellees filed a motion to dismiss the case in the Richland County Court of Common Pleas. The motion was granted by the trial court subject to the outcome of the refiled Court of Claims case.

{¶5} On June 14, 2010, the Court of Claims issued a decision declaring that Appellees had personal immunity from being sued. The claims against the State of Ohio are still pending on their merits in the Court of Claims.

{¶6} On August 3, 2010, Appellees filed a second motion to dismiss in the Richland County Court of Common Pleas, arguing that since the Appellees were found to be personally immune from liability, the case must be dismissed. Appellant argued

that the Court of Claims decision was not a final appealable order and that he could be entitled to pursue his claims against Appellees in the future if a court of appeals reversed the Court of Claims immunity decision.

{¶7} On February 9, 2011, the trial court granted the motion to dismiss and dismissed Appellant's case without prejudice in the case that an appellate court reversed the Court of Claims immunity determination.

{¶8} It is from that entry that Appellant now appeals and raises one Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE."

I.

{¶10} In his sole assignment of error, Appellant argues that the trial court erred in granting Appellee's Motion to Dismiss.

{¶11} Appellant argues that the Court of Claims' issuance of a decision of personal immunity on behalf of the Appellees is not a final appealable order, and that therefore the trial court should not have dismissed his complaint without prejudice. We disagree.

{¶12} Final appealable orders are defined by R.C. 2505.02 as follows:

{¶13} "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.

{¶14} "When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside."

{¶15} The Supreme Court of Ohio has indicated that a determination of immunity pursuant to R.C. 9.86 affects a substantial right in a case. See *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 596 N.E.2d 432. Moreover, the Tenth District, in *Newton v. Ohio Univ. School of Osteopathic Medicine* (1993), 91 Ohio App.3d 703, 633 N.E.2d 593, has held that a decision by Court of Claims granting immunity to a state employee is an "order that affects a substantial right" and, therefore, is final and appealable. R.C. 9.86, R.C. 2505.02.

{¶16} Since the determination of immunity was a final appealable order, the trial court was correct in dismissing Appellant's complaint without prejudice pending the outcome of the appeal of the granting of immunity.

{¶17} Moreover, R.C. 2743.02(F) provides that actions against state employees must be filed first in the Court of Claims. Specifically, R.C. 2743.02(F) states:

{¶18} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

{¶19}  "The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code."

{¶20}  The Court of Claims determined that the Appellees had personal immunity in this case.  Therefore the Court of Common Pleas never had jurisdiction to entertain the case below on its merits.

{¶21}  Appellant's assignment of error is overruled.

{¶22}  The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.


_____
 HON. PATRICIA A. DELANEY


_____
 JOHN W. WISE


_____
 JULIE A. EDWARDS

[Cite as *Savage v. Jones*, 2011-Ohio-3677.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

SCOTT A. SAVAGE                       :
                                      :
            Plaintiff-Appellant       :
                                      :
                                      :
-vs-                                  :      JUDGMENT ENTRY
                                      :
NORMAN W. JONES, ET AL                :
                                      :
            Defendants-Appellees      :      Case No. 11-CA-26
                                      :

    For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed

to Appellant.


                                  _____
                                  HON. PATRICIA A. DELANEY


                                  _____
                                  HON. JOHN W. WISE


                                  _____
                                  HON. JULIE A. EDWARDS