[Cite as *Savage v. Ohio State Univ.*, 2014-Ohio-2504.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Scott A. Savage,                          :

     Plaintiff-Appellant,              :

v.                                        :          No. 13AP-896
                                                     (Ct. of Cls. No. 2009-06575)
The Ohio State University,                :

     Defendant-Appellee.               :          (REGULAR CALENDAR)

D E C I S I O N

Rendered on June 10, 2014

*Thomas W. Condit*, for appellant.

*Michael DeWine*, Attorney General, *Randall W. Knutti* and
*Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1}  Plaintiff-appellant, Scott A. Savage, is appealing from the granting of

immunity to two members of the faculty at The Ohio State University Mansfield Regional

Campus ("OSU Mansfield").   He assigns a single assignment of error for our

consideration:

> THE TRIAL COURT IN FINDING THAT OSU FACULTY
> MEMBERS HAMLIN AND KENNEDY DID NOT ACT
> MALICIOUSLY IN THEIR TREATMENT OF SAVAGE AND
> WERE THEREFORE ENTITLED TO IMMUNITY UNDER
> R.C. §2743.02 AND R.C. §9.86.

{¶ 2}  The cited code sections read as follows:

(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

R.C. 9.86 reads:

Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code.

{¶ 3}   In his brief, Savage asserts that the acts of the two faculty members were malicious as a matter of law, not as a matter of fact.  His argument is summarized in the introduction to his brief as follows:

> This case involves the malice of radically pro-Homosexual faculty members who were permitted to drive a Christian librarian from his position at a public university – all because the faculty members would not tolerate a book selection discussion that they perceived as a challenge to their homosexual orthodoxy and to their "scholarship. "

{¶ 4}   Savage started the course of litigation by filing a lawsuit in the Richland County Court of Common Pleas against four faculty members of OSU Mansfield. However, state employees cannot be sued successfully in a common pleas court unless the Court of Claims has made a finding that the state employees are not immune from a lawsuit.  *Nease v. Med. College Hosp.,* 64 Ohio St.3d 396 (1992).  Ultimately, suit was filed by Savage in the Court of Claims which found the faculty members were immune. Essentially, the litigation in state court ended as to the faculty members.  On appeal, Savage now questions those immunity findings "as a matter of law."  Immunity of a state employee is a question of law properly decided by the Court of Claims.  *See id.* at 400.

{¶ 5}   The record before us on appeal includes two volumes of transcripts from the evidentiary hearings on the immunity issues.  The record also incudes a transcript from the trial which followed in which OSU Mansfield was the only party.  The evidence produced subsequent to the immunity finding is not proper for us to consider in deciding whether the court of claims was wrong in granting immunity.  *State ex rel. Duncan v Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 730 (1995); *Sanders v. WAMCO, Inc.,* 10th Dist. No. 10AP-548, 2011-Ohio-1336, ¶ 10.  The Court of Claims cannot be faulted for failing to consider evidence which had not been presented at the time it made its decision.

{¶ 6} The litigation filed by Savage arose out of an internal discussion of faculty and staff at OSU Mansfield about a book or books which would be required reading for freshmen at OSU Mansfield. Savage proposed four conservative books for consideration.

{¶ 7} Savage's proposal was offensive to some of the others on the selection committee, who viewed some of the books Savage proffered as denigrating homosexual students and faculty. One of the committee members called one of the proffered books "anti-gay" and "homophobic tripe."

{¶ 8} Savage then chose to invite a person affiliated with the Foundation for Individual Rights in Education (F.I.R.E) into the discussion. Savage felt that other committee members had also reached outside of the committee and invited others into the discussion.

{¶ 9} As the discussion heated up, Savage decided to withdraw from the book selection committee. The issue did not die with Savage's withdrawal. A faculty member who was not on the book selection committee had become aware of the list proffered by Savage. That faculty member, now deceased, sent an e-mail to virtually everyone on campus and attacked the book suggestions. The faculty member, who was gay, claimed the suggestion of one of the books, "The Marketing of Evil," was a personal attack on him and was a violation of OSU Mansfield's anti-discrimination policy. No immunity issues as to this faculty member have been raised and no litigation in state court involving that person's estate has been present.

{¶ 10} After vigorous discussions at a faculty meeting, two other members of the faculty initiated proceedings with OSU Mansfield's Human Resource Office ("HR"). Apparently, the initiation of these proceedings and the exhibits provided in conjunction

with the initiation of the proceedings are the basis for Savage's claims of defamation and intentional infliction of emotional distress and are the issues at the heart of the granting of immunity.

{¶ 11} Outside groups, including an entity called Allied Defense Fund ("ADF"), waded in and issued publicity which brought national media attention to the controversy. Savage was the person who got ADF involved.

{¶ 12} As with most heated controversies, this one continued longer than it should have. One of the faculty who initiated an HR complaint wanted Savage fired from his position as a reference librarian.

{¶ 13} Eventually Savage took a leave of absence and then followed it with his resignation.

{¶ 14} The trial court addressed the immunity issues simply and concisely:

> In addition, the court finds that plaintiff failed to prove, by a preponderance of the evidence, that the above-listed individuals acted with malicious purpose, in bad faith, or in a wanton or reckless manner toward the plaintiff. Although the charges of sexual harassment were ultimately determined to be without merit, the evidence does not support the conclusion that charges were made for an improper purpose. Accordingly, the above-mentioned individuals are entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and the courts of common pleas do not have jurisdiction over civil actions against them based upon the alleged actions in this case.

(Decision, at 5-6.)

{¶ 15} This analysis is consistent with the guidance of the Supreme Court of Ohio in *Villella v. Waikem Motors, Inc.*, 45 Ohio St.3d 36 (1989), which states:

> [T]he defendant must have operated under "(1) that state of mind which is characterized by hatred, ill-will, or as spirit of revenge, or (2) a conscious disregard for the rights and safety

> of other persons that has a great probability of causing substantial harm." Also, we have noted "that it is rarely possible to prove actual malice otherwise than by conduct and surrounding circumstances." Moreover, actual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross.

*Id.* at 37. (Citations omitted.)

{¶ 16} The communication with HR was internal to OSU Mansfield and addressed an issue of general concern on the campus. The discussions which followed were about issues of what was best for the students, faculty and staff. We cannot say the discussions or the conduct and surrounding circumstances were malicious "as a matter of law." A university campus in particular should be a place where people can have heated discussions about deeply held beliefs without hating each other.

{¶ 17} The sole assignment of error is overruled. The judgment of the Court of Claims of Ohio as to immunity for the two faculty members is affirmed.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

_____