OPINION
{¶ 1} Plaintiff-appellant, Richard Bugh, proceeding pro se, appeals from a judgment of the Court of Claims of Ohio that granted summary judgment in favor of defendant-appellee, Grafton Correctional Institution ("GCI"). Because the trial court erred by granting summary judgment in favor of defendant, we reverse the judgment of the Court of Claims.
 {¶ 2} Plaintiff, an inmate at GCI, asserts that he requires special footwear due to arthritis and injuries to his feet. On August 9, 2005, proceeding pro se, plaintiff sued defendant in the Court of Claims, appearing to allege, among other things, that: (1) defendant was aware of plaintiff's footwear needs; (2) defendant had a duty to provide plaintiff with medically prescribed footwear; (3) defendant delayed procuring medically prescribed footwear due to ineffectual and inefficient execution of his requests, which included requiring plaintiff to travel to unnecessary medical appointments; and (4) defendant violated the Eighth Amendment to the United States Constitution because it was indifferent to plaintiff's alleged pain and suffering.
 {¶ 3} After defendant answered plaintiff's complaint, plaintiff moved for leave to amend his complaint to include a claim concerning a rash on the instep of his right foot. The trial court granted plaintiff's motion. Later, plaintiff moved for leave to add two other defendants to his lawsuit, namely, the Ohio Department of Rehabilitation and Correction ("ODRC"), and Capital Prosthetics, Inc. The trial court denied this motion to the extent that plaintiff sought to add a private party as a defendant. However, the trial court did not expressly enter a ruling as to plaintiff's request to add ODRC as a defendant. Therefore, we presume the trial court overruled plaintiff's request to add ODRC as a defendant. See, generally, Kostelnik v. Helper, 96 Ohio St.3d 1,2002-Ohio-2985, at ¶ 13, reconsideration denied, 96 Ohio St.3d 1489,2002-Ohio-4478, citing State ex rel. V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469 (stating that "[a] motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled"); Portofe v. Portofe, 153 Ohio App.3d 207,2003-Ohio-3469, at ¶ 16.
 {¶ 4} Defendant subsequently moved for summary judgment. Claiming that plaintiff failed to state a claim upon which relief may be granted, defendant asserted: (1) the trial court lacked jurisdiction to consider plaintiff's claim of a constitutional violation under theEighth Amendment to the United States Constitution; (2) plaintiff's cause of action is essentially a medical negligence claim, and plaintiff failed to support his medical negligence claim with expert testimony as required by Bruni v. Tatsumi (1976), 46 Ohio St.2d 127; and (3) defendant's decisions related to transporting plaintiff for medical treatment are entitled to discretionary immunity under Reynolds v.State, Div. of Parole and Community Serv. (1984), 14 Ohio St.3d 68. Plaintiff opposed defendant's motion for summary judgment. Plaintiff also moved the trial court for an order to compel defendant to answer interrogatories and produce documents.
 {¶ 5} Granting summary judgment in favor of defendant, the trial court found that: (1) it lacked jurisdiction to consider plaintiff's constitutional claim; (2) defendant's decisions to transport plaintiff for medical care and to provide special boots in lieu of surgery were characterized by an exercise of a high degree of judgment or discretion and, therefore, were immune from suit; and (3) although plaintiff's claims were not couched in terms of medical negligence, to the extent that plaintiff's claims could be construed to allege medical negligence so as to require medical expert testimony for plaintiff to prevail, plaintiff could not prevail because he failed to timely identify a medical expert witness. Granting summary judgment in favor of defendant, the trial court also denied as moot plaintiff's motion to compel discovery.
 {¶ 6} From the trial court's judgment, plaintiff now appeals and assigns three errors for our consideration:
 #1) The Court denied Appelant's [sic] Due Process rights when it dismissed his case without waiting for the Recommendation fo [sic] the Magistrate pursuant to Ohio Rule of Civil Procedure 53 (E) (1) thereby denying him his right to object within 14 days[.]
 #2) The Court erred in dismissing Plaintiff's case when Plaintiff clearly had a legitimate case as admitted by the Magistrate several times during pre-trial conferences without giving Plaintiff, a pro se inmate, the opportunity to amend his claim.
 #3) The Court erred in dismissing plaintiff's claim arbitrarily and capriciously after an unlawful ex parte communication with Defendant.
 {¶ 7} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. "`De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield JournalCo., Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981),452 U.S. 962, 101 S.Ct. 3111. Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution.Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000),88 Ohio St.3d 292, 300, citing Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 8} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
 {¶ 9} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421,430; Civ.R. 56(E).
 {¶ 10} Plaintiff's first assignment of error asserts that the trial court violated plaintiff's due process rights "when it dismissed his case without waiting for the Recommendation fo [sic] the Magistrate pursuant to Ohio Rule of Civil Procedure 53 (E) (1) thereby denying him his right to object within 14 days."
 {¶ 11} Plaintiff's reliance upon former Civ.R. 53 is inapposite. Former Civ.R. 53(E)(3)(a) provided, in part, that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to [former] Civ.R. 53(E)(4)(c)." According to the record, although a magistrate and others were involved with pre-trial matters, the trial court did not issue an order of reference assigning plaintiff's case to a magistrate for trial and disposition of plaintiff's suit. See, generally, former Civ.R. 53(C). Rather, the Court of Claims through a judge, not a magistrate of that court, issued summary judgment in favor of defendant. Consequently, former Civ.R. 53 is not implicated under the facts and circumstances of this case.
 {¶ 12} Furthermore, plaintiff's claim that his right to due process was violated is unconvincing. In State v. Pennington (Jan. 29, 2002), Franklin App. No. 01AP-657, appeal not allowed, 95 Ohio St.3d 1460, this court explained:
 * * * Due process contains two components: procedural due process and substantive due process. See Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532, 541 ("* * * the Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct"). Procedural due process requirements are flexible and vary according to a particular situation. See Mathews v. Eldridge (1976), 424 U.S. 319, 334 ("`(d)ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. (D)ue process is flexible and calls for such procedural protections as the particular situation demands"). (Citations omitted.)
 {¶ 13} Here, as required by Civ.R. 56, plaintiff was afforded an opportunity to respond to defendant's motion for summary judgment, and he responded by filing a memorandum opposing defendant's motion. See, generally, Civ.R. 56(C) and (E). Under such circumstances, we cannot conclude that plaintiff was deprived of procedural due process.
 {¶ 14} Accordingly, we overrule plaintiff's first assignment of error.
 {¶ 15} Plaintiff's second assignment of error asserts that the trial court erred "when Plaintiff clearly had a legitimate case as admitted by the Magistrate several times during pre-trial conferences without giving Plaintiff, a pro se inmate, the opportunity to amend his claim." For the following reasons, this assignment of error is not persuasive.
 {¶ 16} First, absent from the record is the purported pre-trial representation by the magistrate wherein the magistrate allegedly admitted that plaintiff had a "legitimate case." Because the magistrate's purported admission is dehors the record, plaintiff cannot provide evidentiary support for his contention regarding the magistrate's purported representation in this direct appeal. See, also,State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus (holding that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").
 {¶ 17} Second, under the facts and circumstances of this case, we cannot conclude that plaintiff was unfairly denied the opportunity to amend his complaint. According to the record, plaintiff twice moved for leave to amend his complaint. In his first motion for leave to amend his complaint, plaintiff sought to add another claim, and in his second motion for leave to amend his complaint, plaintiff sought to add a private entity and the ODRC as parties. The trial court granted defendant's first motion; denied his second motion to the extent that plaintiff sought to add a private party; and presumably denied the remainder of plaintiff's second motion for leave to amend his complaint.
 {¶ 18} Civ.R. 15(A) favors a liberal policy when a trial judge is confronted with a motion to amend a pleading beyond the time when such amendment is automatically allowed. Wilmington Steel Products, Inc. v.Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, 121-122. When reviewing a trial court's determination whether to permit or deny amendment of a pleading beyond the time when such amendment is automatically allowed, an appellate court must determine whether the trial court's determination constitutes an abuse of discretion.Wilmington Steel Products, Inc., at 122. The Supreme Court of Ohio inWilmington Steel Products, Inc. stated: "`* * * We have repeatedly held that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." ` " Id., quoting Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87; see, also, Ferguson v. Walsh, Franklin App. No. 02AP-1231, 2003-Ohio-4504, at ¶ 30; Parahoo v.Mancini (Apr. 14, 1998), Franklin App. No. 97APE08-1071, dismissed, appeal not allowed, 83 Ohio St.3d 1416.
 {¶ 19} Here, the trial court did not err by denying plaintiff's motion to add a private party as a defendant. See, generally, R.C. 2743.02(A) and (E); 2743.03(A)(1); see, also, Burr v. Bd. of Cty. Commrs. of StarkCty. (1986), 23 Ohio St.3d 69, 72 (stating that "[t]he Court of Claims has `* * * exclusive original jurisdiction of all civil actions against the state * * *.' (Emphasis sic.) R.C. 2743.03(A). As such, only the `state' may be the original defendant in an action filed in the Court of Claims. R.C. 2743.02(E)").
 {¶ 20} Furthermore, we cannot conclude that the trial court's apparent overruling of plaintiff's motion for leave to add ODRC as a defendant was unreasonable, arbitrary, or unconscionable, especially in view of plaintiff's failure to bring to the trial court's attention the trial court's failure to expressly rule on plaintiff's request to add ODRC as a party. See, e.g., State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, vacated in part on other grounds (1978),438 U.S. 911, 98 S.Ct. 3137, modified on other grounds, State v.Gillard (1988), 40 Ohio St.3d 226, paragraph two of the syllabus (holding that "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court"). Neither can we conclude on the basis of this record that in the trial court plaintiff necessarily made a prima facie showing that his proposed amendment of ODRC as a defendant could have been factually supported. See Wilmington Steel Products, Inc., at syllabus (holding that "[w]here a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading").
 {¶ 21} Additionally, although in other filings before the trial court, plaintiff, a pro se litigant, obliquely stated a desire to amend his complaint, plaintiff did not file a third motion for leave to amend his complaint. Absent another motion by plaintiff, we cannot conclude that the trial court erred by failing to allow plaintiff to amend his complaint again. See, generally, Black's Law Dictionary (8 Ed.Rev. 2004) 1036 (defining "motion" as, among other things, "[a] written or oral application requesting a court to make a specified ruling or order");Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651,654, citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363; Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209, 210 (stating that "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel").
 {¶ 22} For the foregoing reasons, we overrule plaintiff's second assignment of error.
 {¶ 23} Plaintiff's third assignment of error asserts that "[t]he Court erred in dismissing plaintiff's claim arbitrarily and capriciously after an unlawful ex parte communication with Defendant." Here, plaintiff suggests that defense counsel submitted a draft opinion to the Court of Claims, which the court allegedly wholly adopted. Absent from the record is any evidence to support plaintiff's claim. Failing to support his claim with any evidence in the record and absent any indication of irregularity, plaintiff cannot demonstrate his claim of an unlawful ex parte communication by defense counsel. See, generally, Drake Ctr., Inc.v. Ohio Dept. of Human Serv. (1998), 125 Ohio App.3d 678, 705, citingPalmer v. Kaiser Foundation Health (1991), 64 Ohio App.3d 140, 143
(stating that "[i]n the absence of an indication to the contrary, an appellate court will presume regularity in the proceedings and judgment of the trial court").
 {¶ 24} Accordingly, plaintiff's third assignment of error is overruled.
 {¶ 25} However, even though plaintiff's assignments of error lack merit, based upon our de novo review, we nevertheless must conclude that the trial court improperly granted summary judgment in favor of defendant.
 {¶ 26} First, although the trial court properly found that it lacked jurisdiction to consider any claims of constitutional violations or violations of federal civil rights law, see Howard v. Supreme Court ofOhio, Franklin App. No. 04AP-1093, 2005-Ohio-2130, at ¶ 15; Wright v.Dept. of Rehab. Corr. (Mar. 28, 1995), Franklin App. No. 94API08-1169;Burkey v. S. Ohio Correctional Facility (1988), 38 Ohio App.3d 170, the trial court incorrectly applied Reynolds, supra.
 {¶ 27} In Reynolds, the Supreme Court of Ohio held:
 The language in R.C. 2743.02 that "the state" shall "have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *" means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities.
Id. at paragraph one of the syllabus.
 {¶ 28} Applying Reynolds, the Court of Claims found:
 Although plaintiff disagrees with the medical and procedural decisions of GCI, he has not alleged any negligence on the part of GCI with respect to those decisions. Both the medical decision to provide boots in lieu of surgery and the transport decision are "characterized by the exercise of a high degree of official judgment or discretion." Thus, the state is immune from suit for such decisions.
(Decision, at 3-4.)
 {¶ 29} Under Reynolds, at paragraph one of the syllabus, the Supreme Court of Ohio stated: "legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion" by the state are subject to immunity. However, in this case this is not at issue. Rather, what is at issue is whether defendant breached a duty to plaintiff when procurement of plaintiff's special footwear was delayed. Cf. id. (holding, in part, that "once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities").
 {¶ 30} Second, the trial court erred by partially construing plaintiff's cause of action as a medical negligence claim. In its decision, the trial court stated, in part: "Plaintiff has not couched his claim in terms of medical negligence; however, to the extent thathis claims can be so construed, the court agrees with defendant's assertion that expert medical testimony would be required in order for plaintiff to prevail." (Decision, at 4; emphasis added.)
 {¶ 31} We agree with the trial court's assessment that plaintiff did not couch his claim in terms of medical negligence. Instead of asserting a claim of medical negligence, in his cause of action, plaintiff essentially asserts that defendant's actions or lack of action delayed procurement of medically prescribed footwear and, consequently, defendant breached a duty of care toward plaintiff. Thus, plaintiff's cause of action resolves to a claim that defendant acted negligently. See, generally, Ford v. Ohio Dept. of Rehab. Corr., Franklin App. No. 05AP-357, 2006-Ohio-2531, at ¶ 10 (observing that for a plaintiff to prevail in a negligence claim, the plaintiff must prove by a preponderance of the evidence that: (1) a defendant owed plaintiff a duty of reasonable care; (2) a defendant breached that duty; and (3) a defendant's breach of duty proximately caused plaintiff's injury).
 {¶ 32} Accordingly, because at issue is whether defendant was negligent, for defendant to prevail in its summary judgment motion, defendant must demonstrate that: (1) no genuine issue of material fact remains to be litigated; (2) defendant is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in plaintiff's favor, reasonable minds could come to but one conclusion, namely that defendant did not act negligently toward plaintiff. See Civ.R. 56; Grady, supra, at 183.
 {¶ 33} Conversely, because at issue is whether defendant was negligent, for plaintiff to prevail against defendant's motion for summary judgment, plaintiff must first identify the extent of the duty that defendant owed to him, and the evidence must be sufficient, when considered most favorably to plaintiff, to allow reasonable minds to infer that defendant's duty was breached and that the breach of that duty constituted the proximate cause of plaintiff's injury.Eannottie v. Carriage Inn of Steubenville, 155 Ohio App.3d 57,2003-Ohio-5310, at ¶ 31, citing Sanders v. Anthony AllegaContrs. (Dec. 30, 1999), Cuyahoga App. No. 74953, citing Feichtner v.Cleveland (1994), 95 Ohio App.3d 388, 394, appeal not allowed,70 Ohio St.3d 1476, reconsideration denied, 71 Ohio St.3d 1424. See, also,Mueller v. Ameritrust Corp. (July 18, 1991), Cuyahoga App. No. 58525.
 {¶ 34} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by the jury, or by the court in a bench trial." Pacher v. Invisible Fence ofDayton, 154 Ohio App.3d 744, 2003-Ohio-5333, at ¶ 41, citing Miller v.Paulson (1994), 97 Ohio App.3d 217, 221; and Mussivand v. David (1989),45 Ohio St.3d 314, 318. Here, when the evidence is considered most favorably to plaintiff, we conclude that the evidence allows reasonable minds to find that defendant breached its duty of reasonable care toward plaintiff and that this breach of duty proximately caused plaintiff's injury. Therefore, we hold that defendant failed to support its burden under Civ.R. 56, and the trial court erred, as a matter of law, by granting summary judgment in favor of defendant.
 {¶ 35} Accordingly, having overruled all three of plaintiff's assignments of error and having concluded through de novo review that the trial court erred to the prejudice of plaintiff by granting summary judgment in favor of defendant, we reverse the judgment of the Court of Claims of Ohio and remand this cause to that court for further proceedings in accordance with law, and consistent with this opinion.
Judgment reversed; cause remanded.
McGRATH and TRAVIS, JJ., concur.