[Cite as *Humphrey v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5261.]

| | |
|---|---|
| LAVALLE HUMPHREY | Case No. 2015-00606 |
| Plaintiff | Magistrate Gary Peterson |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff, an inmate in the custody and control of defendant, brought this action for negligence alleging that defendant delayed proper medical treatment for a broken finger. The case proceeded to trial before the magistrate.

{¶2} At trial, plaintiff testified that he arrived at the Southern Ohio Correctional Facility (SOCF) on December 19, 2014. Upon his arrival, plaintiff underwent a medical examination in inmate medical services. Plaintiff asserts that during the examination, he informed a nurse that he had a scrape on his right hand and was experiencing pain in his left index finger. Plaintiff testified that during the examination he remained handcuffed with his hands behind his back, but the nurse only briefly looked at his hand and informed him that he would see a doctor in a few days. Plaintiff relates that he otherwise received no treatment for his injured index finger at that time.

{¶3} On December 22, 2014, plaintiff was examined by Doctor Ahmed at SOCF. Plaintiff reported that he informed Dr. Ahmed of the scrape on his right hand and pain in his left index finger. Plaintiff asserted that the examination lasted for about five minutes and that Dr. Ahmed only briefly looked at his hand, which was handcuffed behind his back during the entirety of the examination. Plaintiff testified that Dr. Ahmed informed him that his hand was merely bruised and that it would heal. According to plaintiff, Dr. Ahmed appeared to be distracted during the examination and engaged in casual

conversation with a corrections officer who was also present for the examination. Plaintiff asserted that Dr. Ahmed provided no treatment for pain at that time.

{¶4} Plaintiff testified that his pain persisted following the December 22, 2014 examination. As a result, plaintiff completed a Health Service Request form on December 25, 2014 wherein he requested an x-ray examination for his finger (Exhibit 1). Plaintiff also wrote that he continued to experience pain in his left index finger and that he was unable to bend his finger. *Id.* The following day in response to the request, nurse James examined plaintiff's hand and prescribed Tylenol. According to plaintiff, nurse James informed him that she would write a consult for an x-ray examination, which occurred on December 30, 2014.

{¶5} Plaintiff testified that on January 8, 2015, a nurse and a corrections officer, whose identities he did not know, informed him that the x-ray result was not normal and presented him with paperwork requesting permission to take him to a hand specialist at the "hand clinic." Plaintiff also asserted that he was informed that the referral request had been placed. Plaintiff added that he received a copy of the x-ray report at that time (Exhibit 2).

{¶6} Plaintiff testified that on January 22, 2015, he again met with Dr. Ahmed for a consultation. Plaintiff reported that Dr. Ahmed informed him that he would be evaluated by a specialist at the soonest available opportunity. Plaintiff asserted that Dr. Ahmed did not provide any treatment for his finger at that time.

{¶7} Plaintiff testified that he was not satisfied with the treatment that he received and that as a result, he filed an Informal Complaint Resolution on January 22, 2015 detailing his dissatisfaction with the medical treatment he had received at SOCF (Exhibit 3). Plaintiff thereafter, on February 3, 2015, submitted a notification of grievance concerning his medical treatment (Exhibit 5) and a Health Service Request form on February 4, 2015 (Exhibit 4). On February 5, 2015, plaintiff received a response to his Health Service Request informing him that a consult with the hand clinic was approved

and that he could purchase Motrin for any discomfort (Exhibit 6). Plaintiff added that he is allergic to ibuprofen and thus cannot take Motrin.

{¶8} On February 12, 2015, plaintiff received treatment from a hand specialist who determined that plaintiff's index finger was displaced and informed him that his finger may require surgical repair. Plaintiff testified that he requested a splint for his finger which was provided. Plaintiff reported that the hand specialist did not provide any pain medication at that time even though the hand specialist noted that plaintiff continued to experience pain in his finger. According to plaintiff, he was scheduled for a follow-up appointment to occur two months after the initial appointment with the hand specialist to determine the necessity for surgery. However, plaintiff testified that such a follow-up appointment never occurred.

{¶9} Following his appointment with the hand specialist, plaintiff authored another Heath Service Request form on February 16, 2015, wherein plaintiff informed medical staff at SOCF that he continued to experience pain in his index finger (Exhibit 7). Plaintiff testified that he did not receive any response to his request. Plaintiff reported that he also commenced a hunger strike on February 23, 2015 to protest what he determined to be the lack of medical treatment provided at SOCF. Plaintiff testified that he was subsequently escorted to Dr. Ahmed's office where Dr. Ahmed informed him that a hunger strike disqualifies him from any surgery. Plaintiff asserted that he responded to Dr. Ahmed by reminding him that the surgery was not scheduled to occur for another two months. Plaintiff ended the hunger strike on February 25, 2015 and filed an appeal of his grievance to the chief inspector (Exhibit 8).

{¶10} Plaintiff testified that he never returned to the hand specialist for a follow-up appointment or surgery and did not receive any additional treatment from Dr. Ahmed for his index finger. Plaintiff reported that he continues to experience pain in his left index finger that throbs in cold weather. Plaintiff added that he has difficulty performing daily activities such as ringing out washcloths, cleaning, and opening products made with

hard plastic. Finally, plaintiff testified that the pain in his finger causes him to limit his exercise, prevents him from playing basketball, and interrupts his ability to clap his hands during church worship services. No other witnesses testified.

{¶11} At the close of plaintiff's case, defendant moved for dismissal pursuant to Civ.R. 41(B)(2). Defendant argued that plaintiff failed to establish the elements necessary to sustain a claim for medical malpractice, i.e., by failing to offer expert testimony regarding the standard of care and breach of that standard.

{¶12} Civ.R. 41(B)(2) provides, in relevant part: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." The magistrate "decline[d] to render any judgment until the close of all the evidence." *Id.* For the reasons that follow, it is recommended that judgment be rendered in favor of defendant. Defendant's motion is denied as moot.

{¶13} On March 3, 2016, the court issued an entry denying the parties' cross-motions for summary judgment. In the entry, the court stated "[t]here is no doubt that [plaintiff's] claims arise out of medical care, diagnosis, or treatment. Inasmuch as medical skill and judgment is necessary to determine whether plaintiff needs urgent medical attention or a referral to the hand clinic, plaintiff has stated a claim for medical malpractice." Entry, pg. 3.

{¶14} "In order to support a cause of action for medical negligence, [plaintiff] must show the existence of an applicable standard of care within the medical community, a breach of that standard of care by the defendant, and that such breach was the proximate cause of the injury sustained." *Campbell v. Ohio State Univ.,* 10th Dist. Franklin No. 04AP-96, 2004-Ohio-6072, ¶ 10, citing *Bruni v. Tatsumi,* 46 Ohio St.2d 127, 131 (1976); *see also Gordon v. Ohio State Univ.,* 10th Dist. Franklin No. 10AP-

1058, 2011-Ohio-5057, ¶ 67 ("The *Bruni* standard applies to an inmate's claim for medical malpractice.").

{¶15} "Expert testimony is required to establish the standard of care and to demonstrate the defendant's alleged failure to conform to that standard." *Reeves v. Healy,* 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 38 (10th Dist.), citing *Bruni* at 130-131. "[T]he general rule is that the plaintiff must prove causation through expert testimony." *Kester v. Brakel*, 10th Dist. Franklin No. 06AP-253, 2007-Ohio-495 ¶ 27. "The failure to prove that the recognized standards of the medical community were not met or to prove that the failure to meet those minimum standards proximately caused the injury is fatal to a claim of medical malpractice." *Id*. at ¶ 26.

{¶16} Upon review, the magistrate finds that on December 19, 2014, plaintiff arrived at SOCF whereupon he underwent a medical examination in which he informed the nurse that he had a scrape on his right hand and was experiencing pain in his left index finger. On December 22, 2014, during an evaluation, Dr. Ahmed informed plaintiff that his hand was bruised but would heal. On December 25, 2014, plaintiff completed a Health Service Request form requesting an x-ray examination for his injured finger. An x-ray examination was performed on December 30, 2014, and plaintiff subsequently learned that the x-ray results indicated additional treatment with a hand specialist was necessary. Thereafter, on February 12, 2015, plaintiff treated with a hand specialist who provided a splint for his displaced finger. Plaintiff did not receive any follow-up treatment with the hand specialist. Plaintiff continues to experience pain in his left index finger.

{¶17} The magistrate further finds that plaintiff failed to present expert medical testimony establishing the standard of care and beach of the standard of care. Indeed, plaintiff only offered his own testimony in support of his claim. No other testimony expert or otherwise was presented. Therefore, plaintiff's claim for medical malpractice must fail.

{¶18} Plaintiff argues that his claim is a "delay in treatment claim." However, as stated previously, there is no doubt that plaintiff's claim arises out of medical care, diagnosis, or treatment. Plaintiff is dissatisfied with the medical treatment and timeliness of such treatment provided by Dr. Ahmed and other medical staff at SOCF. There is no doubt that Dr. Ahmed and the medical staff at SOCF exercised medical judgment to determine plaintiff's course of treatment, including whether plaintiff's injuries required immediate medical treatment and the type of treatment required. Furthermore, plaintiff did not present any expert testimony concluding that any alleged delays in medical treatment violated the standard of care. Moreover, credible evidence was not presented to establish any harm proximately caused by alleged delays in plaintiff's medical treatment.

{¶19} Finally, even if plaintiff's complaint could be construed to contain a claim for ordinary negligence or even if plaintiff tried a claim for ordinary negligence, there is no evidence that any non-medical staff at SOCF breached any duty of care owed to plaintiff and there is no evidence that Dr. Ahmed's orders were improperly performed. *Compare Bugh v. Grafton Corr. Inst.*, 10th Dist. Franklin No. 06AP-454, 2006-Ohio-6641. Accordingly, plaintiff did not meet his burden in proving his claim.

{¶20} For the foregoing reasons, it is recommended that judgment be rendered in favor of defendant.

{¶21} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely*

*and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

GARY PETERSON
Magistrate

cc:

Lawrence Mays                          Jeanna V. Jacobus
Robert Smith, III                      Assistant Attorney General
3751 Prospect Avenue, Floor 3          150 East Gay Street, 18th Floor
Cleveland, Ohio 44115                  Columbus, Ohio 43215-3130

**Filed July 27, 2016**
**Sent to S.C. Reporter 8/5/16**