STEWARD ET AL., APPELLEES, *v.* THE STATE, DEPT. OF NATURAL RESOURCES, APPELLEE; C-Z COMPANY, APPELLANT.

(No. 82AP-802—Decided February 8, 1983.)

*Messrs. Ellwood & Warhola, Mr. David A. Ellwood* and *Mr. Andrew J. Warhola, Jr.,* for appellees Steward et al.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Edward D. Hayman* and *Mr. Robert S. Tongren,* for appellee Department of Natural Resources, Division of Wildlife.

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen, Mr. Richard D. Rogovin* and *Ms. Deborah A. Spadafore,* for appellant C-Z Company.

NORRIS, J. C-Z Company appeals from an order of the Court of Claims of Ohio dismissing its petition for removal.

Plaintiffs-appellees, Guy J. Steward and Rose Marie Steward, filed a complaint in the Court of Common Pleas of Guernsey County, alleging that they and the state of Ohio had entered into a written agreement for the state to sell land to plaintiffs, and that the state had refused to perform the agreement and had instead accepted an offer to purchase from another party (apparently referring to C-Z). Plaintiffs sought to enjoin the state from selling the land to any party other than plaintiffs and specific performance of the agreement or, in the alternative, money damages. The court of common pleas granted a temporary restraining order against the state, and subsequently granted C-Z leave to intervene as a defendant. No amended complaint was filed by plaintiffs naming C-Z as a defendant or seeking relief from it.

In its answer to plaintiffs' complaint, the state denied the existence of a binding contract and moved to dismiss the complaint for lack of subject matter jurisdiction.

C-Z filed an answer which addressed the allegations of plaintiffs' complaint, but sought no relief from plaintiffs. It also filed a cross-claim against the state alleging that it had an agreement with the state to purchase the land, and seeking money damages from the state in the event the court of common pleas required the state to convey the land to plaintiffs.

The state answered the cross-claim, admitting the contract with C-Z and denying subject matter jurisdiction over C-Z's claim for relief. C-Z then filed a petition for removal of the action to the Court of Claims, which dismissed the petition for the reason that removal is not permitted under R.C. 2743.03(E), and remanded the action to the court of common pleas.

C-Z raises four assignments of error:

"I. It is clear that pursuant to O.R.C. Chapter 2743 that the Court of Claims, and not the Court of Common Pleas, has subject-matter jurisdiction of claims for money damages and equitable relief against the State of Ohio.

"II. Ohio Revised Code Chapter 2743 is a remedial law which should be liberally construed to include cross-claims as within the spirit of O.R.C. 2743.03(E) even if not within the letter as to the types of claims which can be removed to the Court of Claims.

"III. The appellant's cross-claim and petition for removal avoids a multiplicity of suits since appellant could clearly file a separate complaint against the State of Ohio on the basis of the present facts.

"IV. Once the Court of Claims determines that it has subject-matter jurisdiction it should not oust itself therefrom, but should retain the case and exercise that jurisdiction."

Because the assignments of error all concern the question of removal of the action from the court of common pleas to the Court of Claims, they will be considered together.

The statute governing removal, R.C. 2743.03, reads, in part, as follows:

"(E)(1) A party who files a counterclaim against the state or makes the state a third-party defendant in an action commenced in any court, other than the court

of claims, shall file a petition for removal in the court of claims. * * * A petition for removal based on a counterclaim shall be filed within twenty-eight days after service of the counterclaim of the petitioner. A petition for removal based on third-party practice shall be filed within twenty-eight days after the filing of the third-party complaint of the petitioner.

"(2) * * * The filing effects the removal of the action to the court of claims, and the clerk of the court where the action was brought shall forward all papers in the case to the court of claims. The court of claims shall adjudicate all civil actions removed. The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon a finding that the state is no longer a party."

As a court of limited jurisdiction, the Court of Claims enjoys only that jurisdiction specifically conferred upon it by the General Assembly — to try claims against the state, and claims against other parties which come before it as the result of the state's third-party complaint in an original action in the Court of Claims or when removed to the Court of Claims pursuant to R.C. 2743.03(E). Jurisdiction over the state as a defendant is obtained either by the filing of an original action in the Court of Claims, or by removal from another trial court of an action which originally did not involve a claim against the state, but where the state became a party-defendant through counterclaim or third-party practice.

The usual situations, then, which will give rise to removal from a court of common pleas under R.C. 2743.03(E), are these:

(1) The state sues D and D counterclaims against the state. D must remove the action, in which event the Court of Claims will resolve both claims.

(2) P sues D, who files a third-party complaint against the state. D must remove the action to the Court of Claims, which will adjudicate the claims of P and D.

In this case, however, the state was made a defendant of the C-Z claim not by complaint or third-party complaint but, instead, by cross-claim, presenting this situation:

(3) P sues the state. D intervenes as a party-defendant and files a cross-claim against the state. Because R.C. 2743.03 does not provide for removal under these circumstances, D may not remove the action, but may sue the state in the Court of Claims. The state may be entitled to a writ of prohibition to prevent P and D from proceeding against it in the court of common pleas. See *Brownfield* v. *State* (1980), 63 Ohio St. 2d 282 [17 O.O.3d 181]; *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83 [74 O.O.2d 109].

It is not surprising that the General Assembly failed to provide for removal under circumstances like those before us, since legislators undoubtedly assumed that the state would be made an original party-defendant only in an action filed in the Court of Claims. The General Assembly in enacting the removal statute could only contemplate that the complaint instituting the action sought to be removed would be one over which the trial court had jurisdiction.[1]

C-Z argues that the action should be removed to the Court of Claims, in the interest of judicial economy, so that all claims can be tried in one court. We cannot disagree with that laudable objective. However, the General Assembly did not grant the Court of Claims removal

---

[1] Although the issue is not before us in this appeal, upon the record, plaintiffs have failed to demonstrate any basis for the court of common pleas to continue to exercise subject matter jurisdiction over the claims filed in that court against the state.

jurisdiction under the circumstances of this case, and we are powerless to devise that jurisdiction. The Court of Claims had no alternative but to dismiss the petition for removal and remand the action to the Court of Common Pleas of Guernsey County.

The assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.