DECISION
LaDonna L. Truskolaski, defendant third-party plaintiff-appellant, appeals a judgment of the Ohio Court of Claims: (1) denying third-party defendant-appellee Ohio Department of Transportation's ("ODOT") motion to dismiss the counterclaim against Brett R. Wirick, plaintiff-appellee; (2) granting ODOT's motion to remand; (3) granting ODOT's motion to dismiss third-party complaint; (4) denying Truskolaski's motion to add a new party counterclaim defendant; and (5) denying Truskolaski's motion to consolidate.
Appellant and her husband, Mitchell Truskolaski, are semi-truck drivers and operate as independent contractors for Transport America. In the early morning hours of January 18, 2000, appellant was operating their semi-truck southbound on Interstate 71 in Richland County, Ohio, while her husband was sleeping in the cab, when she was involved in a collision with a salt truck being operated by Wirick in the scope of his employment with ODOT. Appellant, her husband, and Wirick sustained injuries.
On April 26, 2001, Wirick and his wife filed a personal injury action against appellant; Transport America; the Wirick's UM/UIM carrier, Erie Insurance Group; and the Wirick's subrogated insurance carrier, Medical Mutual, in the Richland County Court of Common Pleas, which was assigned case No. 01-368H ("Wirick case"). Appellant filed a counterclaim against Wirick and a "third-party complaint" against ODOT, claiming the accident was caused by Wirick's negligence while acting within the scope of his employment with ODOT.
On May 23, 2001, appellant filed an action against ODOT and Wirick in the Court of Claims, in case No. 2001-5651. Also on May 23, 2001, Mr. Truskolaski filed an action against appellant and Transport America's liability insurer, Great West Casualty Company ("Great West"), in the Richland County Court of Common Pleas, in case No. 01-465D. On August 24, 2001, Mr. Truskolaski filed an action against ODOT in the Court of Claims, in case No. 2001-8625.
On June 4, 2001, appellant filed a petition for removal of Richland County case Nos. 01-368H and 01-465D to the Court of Claims. Appellant filed the petition under the Court of Claims case No. 2001-5651 so that it would be joined with the action she had previously filed against ODOT, but the clerk stamped it with a new case No. 2001-5995.
On June 6, 2001, Mr. Truskolaski filed a motion to withhold the declaratory judgment part of his suit from the removal petition on the grounds that the issues in that action involve matters of insurance coverage between private parties and do not belong in the Court of Claims. On June 16, 2001, Wirick filed a motion to deny the petition for removal and/or remand the case to Richland County, on the grounds that his personal claims against appellant and Transport America should be heard separately from appellant's claims against ODOT.
On June 19, 2001, counsel for ODOT filed three motions in the Court of Claims in case No. 2001-5995: (1) motion to dismiss counterclaim against Wirick in Richland County case No. 01-368(H) because, by filing an action against ODOT in the Court of Claims, appellant waived any cause of action against Wirick individually under R.C. 2743.02(A)(1); (2) motion to dismiss third-party complaint in Richland County case No. 01-368(H) because it could not be a third-party defendant pursuant to Civ.R. 14(A); and (3) motion to remand Mr. Truskolaski's common pleas suit back to Richland County, arguing that in case No. 01-465D, the state was not and had never been a party to that suit.
On August 8, 2001, appellant filed two motions: (1) motion to add new party counterclaim defendant, in which appellant conceded that ODOT should not have been denominated as a third-party defendant, but it was proper to join ODOT as a new party counterclaim defendant pursuant to Civ.R. 13(H); and (2) motion to consolidate case No. 2001-5995 (the removed action) and 2001-5651 (the original Court of Claims action appellant filed against ODOT). On August 15, 2001, ODOT filed a memorandum in opposition to the motion to add new party counterclaim defendant, arguing that joinder of ODOT under Civ.R. 13(H) was improper.
On October 2, 2001, the Court of Claims entered an order: (1) denying ODOT's motion to dismiss the counterclaim against Wirick; (2) granting ODOT's motion to remand; (3) granting ODOT's motion to dismiss the third-party complaint; (4) denying appellant's motion to add a new party counterclaim defendant; (5) denying appellant's motion to consolidate; and (6) remanding Wirick's and Mr. Truskolaski's injury cases back to Richland County. Appellant appeals the Court of Claims' judgment, asserting the following assignments of error:
 1. The Court Of Claims Erred In Granting ODOT's Civ.R. 12(B)(6) Motion To Dismiss.
 2. The Court Of Claims Erred In Remanding Wirick v. Truskolaski To Common Pleas Court As The Court Of Claims Has Exclusive Jurisdiction Over All Civil Actions Against The State.
Appellant argues in her first assignment of error the trial court erred in granting ODOT's Civ.R. 12(B)(6) motion to dismiss. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144; Lin v. Gatehouse Constr. Co. (1992),84 Ohio App.3d 96, 99. Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. Bridges v. Natl. Engineering Contracting Co. (1990),49 Ohio St.3d 108, 112. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285. Evidence in any form cannot be considered. Conant v. Johnson (1964), 1 Ohio App.2d 133, 135.
The Court of Claims has only that jurisdiction that is specifically conferred upon it by the General Assembly. Steward v. State (1983),8 Ohio App.3d 297, 299. As a court of limited jurisdiction, the Court of Claims can try claims against the state and claims against other parties that come before it as the result of the state's third-party complaint in an original action in the Court of Claims or when removed to the Court of Claims pursuant to R.C. 2743.03(E). Id. Jurisdiction over the state as a defendant is obtained either by the filing of an original action in the Court of Claims, or by removal from another trial court of an action which originally did not involve a claim against the state, but where the state became a party-defendant through counterclaim or third-party practice. Id.
Appellant argues that she may remove the Wirick case from the common pleas court to the Court of Claims pursuant to the provision in R.C.2743.03(E) that allows removal when the state becomes a party-defendant through a counterclaim. Appellant asserts that once Wirick sued her, her counterclaim against the state was compulsory pursuant to Civ.R. 13(A), which provides, in pertinent part:
(A) Compulsory counterclaims
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
Thus, pursuant to Civ.R. 13(A), in order for there to be a compulsory counterclaim, three requirements must be met: (1) the claim must be against "any opposing party"; (2) the claim must arise out of the same transactions or occurrence that is the subject matter of the opposing party's claim; and (3) the claim cannot require the presence of third parties of whom the court cannot acquire jurisdiction.
Appellant cannot satisfy the requirements of Civ.R. 13(A). ODOT was not an "opposing party" in the original complaint filed by Wirick. Wirick filed suit against appellant in his personal capacity for personal injuries and not as an employee of the state. Nowhere in his complaint does he even mention ODOT, the state, or his employment. Wirick's original claims against appellant in no way required the state's involvement in the case for full adjudication. Thus, appellant's argument that the state was, in fact, an "opposing party" because the state was the real party in interest via respondeat superior is unpersuasive because the state had no interest in the original claims filed personally by Wirick and his wife against appellant. Although the state would be the real party in interest in any direct claim appellant attempted to assert in the Court of Claims against Wirick in his capacity as an employee for ODOT, such claims by appellant against the state may not be asserted via a counterclaim in the common pleas court under the present circumstances. Because appellant cannot satisfy the requirements of Civ.R. 13(A), this argument is without merit.
Appellant next argues that joinder of ODOT as a defendant on the counterclaim was proper pursuant to Civ.R. 13(H), because ODOT was a necessary party pursuant to Civ.R. 19(A)(3). Civ.R. 13(H) provides:
(H) Joinder of additional parties
 Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19, Rule 19.1, and Rule 20. Such persons shall be served pursuant to Rule 4 through Rule 4.6.
Civ.R. 19(A) provides, in pertinent part:
(A) Persons to be joined if feasible
 A person who is subject to service of process shall be joined as a party in the action if * * * (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee.
Appellant claims that, in the present case, the state is a subrogee to her claims against Wirick and, therefore, must be joined. Appellant argues that because Wirick was acting within the course and scope of his employment for ODOT, under the doctrine of respondeat superior, ODOT will be vicariously liable for any damages owed appellant by virtue of Wirick's negligence. As a party with a subrogated interest in the dispute between her and Wirick, appellant asserts ODOT is a necessary party under Civ.R. 19(A)(3).
However, as the state points out, there is no right to subrogation between the state and a state employee who negligently causes a motor vehicle accident while acting within the course and scope of his employment. R.C. 9.87(A) provides that the state shall indemnify an officer or employee from liability incurred in the performance of his duties by paying any judgment in any civil action, except under section (B)(2) when the officer or employee acts manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner. Further, R.C. 2743.02(A)(2) provides that the state is liable for damage or injury arising out of the actions of a state officer or employee, and the employee is immune from liability, unless the actions of the officer or employee were manifestly outside the scope of his employment or official responsibilities, or the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. In the present case, appellant concedes in her complaint that Wirick was acting within the scope of his employment with ODOT when the accident occurred. Appellant also alleges only negligence and not malicious purpose, wanton or reckless behavior, or bad faith. Thus, Wirick is indemnified and immune from liability. Appellant has failed to cite any case law or statute indicating that there exists any rights of subrogation so as to require the joinder of the state as subrogee pursuant to Civ.R. 19. For the foregoing reasons, the Court of Claims did not err in granting ODOT's Civ.R. 12(B)(6) motion to dismiss, and appellant's first assignment of error is overruled.
Appellant argues in her second assignment of error the Court of Claims erred in remanding the Wirick case to the common pleas court because the Court of Claims has exclusive jurisdiction over all civil actions against the state. Because we have found above that the Court of Claims did not err in dismissing appellant's counterclaim against ODOT, the Court of Claims could have no jurisdiction over the private action between appellant and Wirick. Thus, the Court of Claims also did not err in remanding the Wirick case to the common pleas court.
We also note that appellant did not raise any assignment of error or present any argument regarding the Court of Claims' decision to remand the action filed by Mitchell Truskolaski against appellant and Transport America's liability insurer, Great West, in Richland County, in case No. 01-465D. Nevertheless, we agree with the Court of Claims that it has no jurisdiction over this action because the state was not a party to and had no interest in such litigation. Thus, this action must also be remanded to the common pleas court.
For the reasons set forth above, this court finds the trial court did not err in granting ODOT's motion to dismiss the third-party complaint and remanding the cases to the Richland County Court of Common Pleas. Appellant's two assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ., concur.