[Cite as *Littleton v. Holmes Siding Contr.*, 2013-Ohio-5602.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Judy K. Littleton et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | |
| | | No. 13AP-138 |
| Holmes Siding Contractor, Ltd. et al., | : | (C.C. No. 2012-03972-PR) |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| Gilliano Motor Transport, Inc. et al., | : | |
| Defendants/Third-Party Plaintiffs-Appellants, | : | |
| | : | |
| Ohio Department of Transportation, | | |
| | : | |
| Third-Party Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 19, 2013

*Stark & Knoll Co., LPA, Harry A. Tipping* and *Christopher A. Tipping*, for defendants/third-party plaintiffs-appellants.

*Michael DeWine*, Attorney General, *Peter E. DeMarco* and *Craig S. Rapp*, for third-party defendant-appellee.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Defendants/third-party plaintiffs-appellants, Gilliano Motor Transport, Inc. ("Gilliano"), and Theodore Glancy, Jr. ("Glancy") (collectively, "appellants"), appeal from a judgment of the Court of Claims of Ohio granting a motion to dismiss filed by third-party defendant-appellee, Ohio Department of Transportation ("appellee"). Because we

conclude that the Court of Claims properly granted the motion to dismiss and remanded the case to the Holmes County Court of Common Pleas, we affirm.

{¶ 2}   The litigation leading to this appeal began when Judy and Gary Littleton ("the Littletons") filed suit in the Holmes County Court of Common Pleas. In their complaint, the Littletons asserted that Judy Littleton suffered injuries as a result of an automobile accident involving Glancy. The Littletons claimed that Glancy was operating within the scope of his employment with Gilliano at the time of the accident. The complaint named Gilliano and Glancy as defendants, along with Holmes Siding Contractor, Inc. ("Holmes Siding"), Daniel D. Mast ("Mast"), and two "John Doe" parties.

{¶ 3}   Gilliano and Glancy filed a motion for leave to file a third-party complaint against appellee, claiming that appellee negligently failed to place proper signage in the area where the accident occurred and that appellee was liable for contribution and indemnification. The Littletons filed a memorandum in opposition to the motion for leave to file a third-party complaint, arguing that the court lacked jurisdiction over appellee and that appellants were required to file a separate action in the Court of Claims of Ohio. The Holmes County Court of Common Pleas denied the motion for leave "for good cause shown," but without elaborating further on its reasoning.

{¶ 4}   Appellants then filed a third-party complaint for contribution and indemnity and petition for removal in the Court of Claims of Ohio. The case was assigned to Judge Joseph T. Clark. The third-party complaint named appellee, the Littletons, Holmes Siding, Mast, and the two John Doe parties as defendants. Appellee filed a motion to dismiss the third-party complaint for lack of subject-matter jurisdiction, arguing that, because appellee was not made a third-party defendant in the Holmes County case, the Court of Claims lacked jurisdiction under the statutory provision defining the court's jurisdiction. Judge Clark denied the motion to dismiss, concluding that the petition for removal was technically flawed, but that removal of the case was within the spirit of the removal statute. The case was later transferred to Judge Patrick McGrath. Following the transfer, Judge McGrath sua sponte revisited the court's prior decision on the motion to dismiss and entered a new judgment granting the motion to dismiss and remanding the case to the Holmes County Court of Common Pleas.

{¶ 5}   Appellants appeal from the dismissal order, assigning a single error for this court's review:

> The trial court committed reversible error by *sua sponte* revisiting Judge Clark's July 27, 2012 order denying ODOT's motion to dismiss, and concluding that removal was not justified because ODOT was never made a third-party defendant in the Holmes County Court of Common Pleas, and dismissing and remanding the case to the court of common pleas.

{¶ 6}   The Court of Claims initially denied appellee's motion to dismiss before sua sponte reconsidering that decision and ultimately granting the motion to dismiss and remanding the case to the Holmes County Court of Common Pleas. The initial order denying appellee's motion to dismiss was an interlocutory order and was subject to revision prior to final judgment. *See Gahanna v. Cameron*, 10th Dist. No. 02AP-255, 2002-Ohio-6959, ¶ 38 ("[I]t is well-established that the common pleas court's denial of a motion to dismiss generally constitutes an interlocutory order that is not immediately appealable. * * * Interlocutory orders are subject to change or revision by the trial court any time prior to the issuance of a final judgment.") (internal citations omitted). *See also Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, 10th Dist. No. 12AP-647, 2013-Ohio-3890, ¶ 27 ("A court may reconsider and revise an interlocutory decision at any time before the entry of final judgment, either sua sponte or upon motion."). Therefore, the Court of Claims did not err by sua sponte revisiting its earlier order denying the motion to dismiss. With respect to the court's ruling in the second order, we review de novo the decision to dismiss for lack of subject-matter jurisdiction and remand to the Holmes County Court of Common Pleas. *Lucki v. Ohio Dept. of Rehab. & Corr.*, 197 Ohio App.3d 108, 2011-Ohio-5404, ¶ 7 (10th Dist.).

{¶ 7}   In the initial order denying appellee's motion to dismiss, Judge Clark acknowledged that appellee had not been made a third-party defendant in the Holmes County case. He concluded, however, that this was merely a technical flaw in the removal petition and that removal of the case to the Court of Claims would lead to an expeditious resolution of all claims and defenses and was within the spirit of the removal statute. In the second order, which granted the motion to dismiss and ordered the case to be remanded, Judge McGrath held that the court was required to remand the case because it

fell outside the jurisdiction of the Court of Claims. Appellants assert that the trial court erred in dismissing the case, arguing that dismissal and remand were permitted, but not mandatory, under the portion of R.C. 2743.03(E)(2) providing that "[t]he court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal."

{¶ 8}   The Court of Claims is a court of limited jurisdiction and may exercise only that jurisdiction specifically conferred upon it by the General Assembly. *Steward v. State*, 8 Ohio App.3d 297, 299 (10th Dist.1983). By statute, the Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners." R.C. 2743.03(A)(1). In this case, appellants sought to invoke the court's jurisdiction through removal of the case they originally filed in the Holmes County Court of Common Pleas. The statute defining the jurisdiction of the Court of Claims provides, in relevant part, that a party who "makes the state a third-party defendant in an action commenced in any court, other than the court of claims, shall file a petition for removal in the court of claims." R.C. 2743.03(E)(1). The statute further states that "[t]he court of claims shall adjudicate all civil actions removed," but also provides that "[t]he court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon a finding that *the state is no longer a party*." (Emphasis added.) R.C. 2743.03(E)(2).

{¶ 9}   Appellants sought leave to file a third-party complaint against appellee, but that motion was denied. Accordingly, appellants did not make the state a third-party defendant and, therefore, they were not entitled to file a petition for removal under R.C. 2743.03(E)(1). Because the Holmes County Court of Common Pleas denied appellants' motion for leave to file the third-party complaint, at the time of the petition for removal, this was a case exclusively between private individuals and entities. "The Court of Claims is not the proper forum for an action against private individuals." *Pratt v. Unknown*, 10th Dist. No. 93AP-355 (Aug. 5, 1993), fn. 1. The case was outside the court's jurisdiction, as

defined under R.C. 2743.03(A)(1), and, therefore, the court did not err in concluding it was necessary to remand the case to the common pleas court.

{¶ 10} Appellants also cite to the decisions in *Nease v. Med. College Hosp.*, 64 Ohio St.3d 396 (1992), and *Hitch v. Ohio Dept. of Mental Health*, 114 Ohio App.3d 229 (10th Dist.1996), in support of their assertion that the Court of Claims erred by remanding their case. We conclude that each of these decisions is distinguishable from the present case.

{¶ 11} In *Nease*, the plaintiffs originally filed suit in the court of common pleas against the Medical College of Ohio and its hospital, along with several nurses and physicians of the hospital. *Nease* at 396. The case was then removed to the Court of Claims. Following removal, the plaintiffs entered into a settlement agreement dismissing their claims against the Medical College of Ohio and its hospital, and some of the nurses. *Id.* at 397. The Court of Claims then conducted a trial to determine whether the remaining nurse defendant was entitled to statutory immunity. *Id.* As the Supreme Court of Ohio noted, removal of the case to the Court of Claims was required because the state was a defendant and the Court of Claims had exclusive original jurisdiction over claims against the state. *Id.* at 398. The Supreme Court of Ohio rejected the plaintiffs' argument that the Court of Claims was required to remand the case after the state had been dismissed as a party under the settlement agreement, explaining that, under R.C. 2743.03(E)(2), remand was permissive, not mandatory. *Id.* at 399. The Supreme Court held that the Court of Claims correctly retained jurisdiction over the case until the issue of the remaining nurse defendant's immunity was resolved and then properly remanded the case to the court of common pleas once that issue was determined. *Id.* at 399-400.

{¶ 12} Unlike in *Nease*, the Littletons' filing in the common pleas court did not name appellee, or any other state agency, as a defendant. In this case, appellants were unsuccessful in seeking to add appellee as a third-party defendant in the common pleas court case. The case in *Nease* was within the Court of Claims' removal jurisdiction because the state was a defendant in the original filing; by contrast, this case never fell within the court's removal jurisdiction. Accordingly, we conclude that *Nease* does not require reversal of the trial court's decision in this case.

{¶ 13} Similarly, the *Hitch* decision is distinguishable from the present case. On appeal in *Hitch*, the state agency argued that a third-party complaint against it should not have been tried by the Court of Claims because a petition to remove the third-party complaint was never filed. *Hitch* at 244. However, this court concluded that no reversible error occurred because the state agency was aware of the removal of the case to the Court of Claims and did not challenge the procedural propriety of the transfer. *Id.* By contrast, in this case, appellee has directly opposed removal of the case to the Court of Claims. Additionally, in *Hitch*, the third-party plaintiffs successfully filed their third-party complaint in the common pleas court prior to removal to the Court of Claims; whereas, in this case, appellants' motion to file their third-party complaint was denied.

{¶ 14} Moreover, assuming for the purposes of analysis that appellants are correct that remand in this case was permissive, rather than mandatory, we conclude that they have failed to demonstrate an abuse of discretion by the Court of Claims in remanding the case. If remand was permissive, we would review the trial court's decision to remand the case for an abuse of discretion. *See, e.g., State ex rel. Montgomery v. Columbus*, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶ 30 (holding that a trial court's decision to deny discretionary or permissive intervention is subject to abuse-of-discretion review). An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An unreasonable decision is one that is unsupported by sound reasoning; an arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard. *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 11. An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness. *Id.* The decision dismissing and remanding this case to the court of common pleas was supported by sound reasoning and based on a determining principle. The court concluded that the case was outside its statutory jurisdiction and, as explained above, we are persuaded by the court's reasoning. Moreover, the decision does not affront the sense of justice. Appellants are not precluded from recovering compensation by the trial court's decision. On remand to the common pleas court, appellants may once again seek to file a third-party complaint against appellee and, if leave to file the complaint is granted, once again seek to remove the case

to the Court of Claims. In the alternative, if appellants are ultimately held liable on the Littletons' underlying claims, they may then seek contribution or indemnification from appellee. Therefore, we conclude that, even if appellants were correct that dismissal and remand in this case was permissive, they have failed to demonstrate that the trial court abused its discretion by granting the motion to dismiss and remanding the case to the common pleas court.

{¶ 15} Finally, appellants argue that the Court of Claims could have construed their third-party complaint for contribution and petition for removal as an original action against appellee. They assert that, if construed as an original action, the filing would have vested the Court of Claims with jurisdiction over the case. The nature of appellants' filing, however, belies this claim. In addition to appellee, the filing named the Littletons and all of the other defendants in the Holmes County case as defendants. None of these parties would be proper defendants in an original filing in the Court of Claims. Under R.C. 2743.02(E), "[t]he only defendant in original actions in the court of claims is the state." *See also Thomas v. Wright State Physicians, Inc.*, 10th Dist. No. 12AP-839, 2013-Ohio-3338, ¶ 4 ("As the Court of Claims stated in its entry, pursuant to R.C. 2743.02(E), only state agencies and instrumentalities can be defendants in original actions in the Court of Claims."). Accordingly, if the Court of Claims had construed the filing as an original action against appellee, all of the other parties would have been dismissed. *See Rahman v. Ohio Dept. of Transp.*, 10th Dist. No. 05AP-439, 2006-Ohio-3013, fn. 1 ("In the complaint, appellants asserted identical claims against ODOT's contractor, Kenmore Construction Company, Inc. ('Kenmore'). The court sua sponte dismissed Kenmore as a party pursuant to R.C. 2743.02(E)."); *DVCC, Inc. v. Med. College of Ohio*, 10th Dist. No. 05AP-237, 2006-Ohio-945, ¶ 8 ("Because SFT, Inc. was not a state agency or instrumentality as required under R.C. 2743.02(E), the Court of Claims by pre-screening entry sua sponte dismissed SFT, Inc. as a party."); *Smith v. Ohio Dept. of Rehab. & Corr.*, 104 Ohio App.3d 210, 212 (10th Dist.1995) ("Pursuant to R.C. 2743.02(E), the individuals named in appellant's complaint were dismissed inasmuch as only state agencies and instrumentalities can be defendants in original actions in the Ohio Court of Claims."). *See also Bugh v. Grafton Correctional Inst.*, 10th Dist. No. 06AP-454, 2006-Ohio-6641, ¶ 19 (holding that the trial court did not err by denying plaintiff's motion to add a private party

as a defendant because only the state may be the original defendant in an action filed in the Court of Claims). Under these circumstances, the trial court did not err by declining to construe the filing as an original action against appellee.

{¶ 16} As explained above, at the time the third-party complaint and petition for removal was filed, this case was not within the jurisdiction of the Court of Claims. Accordingly, we conclude that the court did not err by granting appellee's motion to dismiss and remanding the case to the Holmes County Court of Common Pleas.

{¶ 17} For the foregoing reasons, we overrule appellants' sole assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT, P.J., and GREY, J., concur.

GREY, J., retired of the Fourth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____