[Cite as *Jones v. Vermilion Local School Dist. Bd. of Edn.*, 2022-Ohio-3949.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ERIK W. JONES, et al. | Case No. 2022-00666PQ |
| Requesters | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| VERMILION LOCAL SCHOOL DISTRICT BOARD OF EDUCATION | |
| Respondent | |

{¶1} On September 28, 2022, a Special Master issued a Recommendation To Dismiss in this case. The Special Master states:

> On review of the complaint, relators' allegations and prayer for relief relate entirely to R.C. 121.22 and other declaratory and injunctive matters. (Complaint at 6-7.) The complaint does not allege denial of access to public records in violation of division (B) of section 149.43 of the Revised Code. The Special Master finds the Court of Claims lacks jurisdiction over relators' stated causes of action and recommends the complaint be DISMISSED pursuant to Civ.R. 12(B)(1).

(Recommendation To Dismiss, 2.) The Special Master also recommends dismissal of Requesters' Complaint pursuant to Civ.R. 12(B)(6). (Recommendation To Dismiss, 3.) The Special Master further states,

> Upon consideration of the pleadings and attachments, the Special Master recommends the court dismiss relators' claims for lack of jurisdiction over the subject matter, without prejudice. The Special Master further recommends the court dismiss relator's claims for failure to state any claim for which relief may be granted by this court, without prejudice. It is recommended that costs be assessed to relators.

(Recommendation To Dismiss, 4.)

{¶2} The Ohio Court of Claims "is a statutorily created court." *State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St.3d 244, 2011-Ohio-5283, 957 N.E.2d 280, ¶ 19. The jurisdiction of the Ohio Court of Claims "is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine* at ¶ 21. *Accord Littleton v. Holmes Siding Contr., Ltd.*, 10th Dist. Franklin No. 13AP-138, 2013-Ohio-5602, ¶ 8, citing *Steward v. State*, 8 Ohio App.3d 297, 299, 456 N.E.2d 1333 (10th Dist.1983) ("[t]he Court of Claims is a court of limited jurisdiction and may exercise only that jurisdiction specifically conferred upon it by the General Assembly").

{¶3} Under R.C. 2743.03(A)(3), in addition to "[the Court of Claims'] exclusive, original jurisdiction as conferred by [R.C. 2743.03(A)(1) and (2)], the court of claims has exclusive, original jurisdiction * * * (b) Under section 2743.75 of the Revised Code to hear complaints alleging a denial of access to public records in violation of [R.C. 149.43(B)], regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision." *See* R.C. 2743.75(A). Pursuant to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss [a] complaint at any time."

{¶4} The Court adopts the Special Master's finding of a lack of subject-matter jurisdiction over Requesters' stated causes of action, as Requesters essentially present claims alleging violations of the Ohio Open Meetings Act, *see* R.C. 121.22, and bylaws of the Vermilion Local School District in their Complaint. The Court does not, however, adopt the Special Master's recommendation for a Civ.R. 12(B)(6) dismissal without prejudice. *See Zalvin v. Ayers*, 2020-Ohio-4021, 157 N.E.3d 256, ¶ 35 (1st Dist.) ("a dismissal under Civ.R. 12(B)(6) operates as an adjudication on the merits and properly results in a dismissal with prejudice"); *see also* R.C. 2743.03(D) (providing that the "Rules of Civil Procedure shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter").

{¶5} In accordance with R.C. 2743.75(D)(2) and the Special Master's recommendation for dismissal of Requesters' stated causes of action for lack of subject-matter jurisdiction, the Court sua sponte DISMISSES Requesters' Complaint without

prejudice. *Accord Dilatush v. Bd. of Review*, 107 Ohio App. 551, 552-553, 160 N.E.2d 309 (2d Dist.1959) ("[w]hen there is a lack of jurisdiction, a dismissal of the action is the only proper order"); *Pyramid Ents. L.L.C. v. City of Akron Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 28623, 2018-Ohio-2178, ¶ 18.  Court costs are assessed equally to Requesters.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

 

PATRICK E. SHEERAN
Judge

**Filed October 25, 2022**
**Sent to S.C. Reporter 11/4/22**